In the Matter of the Petition of WILLIAM S. REYNOLDS
  et al., Appellants, on Behalf of Themselves and Other
  Citizens of the State of New York to Review the Present
  Apportionment of the State into Senate and Assembly
  Districts.

GEORGE H. COBB, Temporary President of the Senate of
    the State of New York, et al., Respondents.

DAVID C. MILLER et al., Appellants, *v.* THE CITY OF NEW
              YORK et al., Respondents.

In the Matter of the Application of ALEXANDER T. PORTER,
  Appellant, for a Writ of Mandamus against JOHN S.
  WHALEN, Secretary of State, Respondent.

State senatorial and assembly districts — apportionment at
extraordinary session of 1907 (chapter 727) — action to review
such apportionment not maintainable against attorney-general,
governor, president of senate and speaker of assembly — tax-
payer's action to restrain election expenditures about to be
incurred for elections, under said statute, cannot be maintained
— objection that statute was passed at extraordinary session of
legislature untenable.

1. Three proceedings were brought to have the legislative appor-
tionment act passed in 1907 (Ch. 727) declared unconstitutional and
void, and to have the election to be held in November, 1911, con-
ducted in conformity with the apportionment made by the Consti-
tution of 1895.  *Held, First,* there was then no warrant for the
maintenance of such a proceeding against the attorney-general, the
governor of the state, the president of the senate and the speaker
of the assembly.  *Second,* a taxpayer's action to restrain expendi-
tures by boards of election in the enforcement of the law cannot be
maintained, and an application for an injunction therein was prop-
erly denied.  Equity has no jurisdiction over contests for public
office.  *Third,* neither such action nor proceeding can be main-
tained by reason of laches on the part of the moving parties.

2. On application for a mandamus to the secretary of state com-
manding that officer to transmit election notices in accordance with
the apportionment of 1895 and not with that prescribed by the act
of 1907, *held, first,* that the placing of the counties of Richmond

and Rockland in the same senatorial district complies as nearly as possible with the constitutional provision on the subject; *second*, that the objection that the apportionment was made at an extraordinary session of the legislature is not well founded.

*Matter of Reynolds*, 144 App. Div. 458, affirmed.

*Matter of Porter* v. *Whalen*, 128 App. Div. 881, affirmed.

(Argued July 26, 1911; decided July 26, 1911.)

APPEAL in the first above-entitled proceeding from an order of the Appellate Division of the Supreme Court in the first judicial department, entered May 12, 1911, which reversed an order of Special Term overruling objections to the jurisdiction of the court and dismissed the proceeding; also appeal in said proceeding from an order of said Appellate Division, entered May 12, 1911, which dismissed an appeal from an order of Special Term dismissing the proceeding on the merits.

Appeal in the second above-entitled action, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered July 7, 1911, which affirmed an order of Special Term denying a motion for an injunction *pendente lite*.

The following questions were certified:

"1. Does chapter 727 of the Laws of 1907 violate any of the provisions of the Constitution of the state of New York?

"2. Was the motion of the plaintiffs properly denied as a matter of law?

"3. Can a taxpayer maintain an action to enjoin the board of elections of the city of New York from expending the moneys of said city necessary to hold a primary and general election for the year 1911 in the several senate and assembly districts in said city as organized under chapter 727, Laws of 1907, on the ground that said chapter is unconstitutional?"

Appeal in the third above-entitled proceeding from an order of the Appellate Division of the Supreme Court in

the third judicial department, entered August 20, 1908, which affirmed an order of Special Term denying a motion for a peremptory writ of mandamus.

The facts, so far as material, are stated in the opinion.

*Julien T. Davies, Charles A. Collin, Charles H. Tuttle* and *Frank K. Johnston* for appellants. The procedure adopted in *Matter of Reynolds* was proper and conferred jurisdiction upon the court. (*State ex rel. Attorney-General* v. *Cunningham*, 81 Wis. 440; *Giddings* v. *Blacker*, 93 Mich. 1; *Wildy* v. *Washburn*, 16 Johns. 49; *People ex rel. Robinson* v. *Ferris*, 36 N. Y. 218; *Pope* v. *Luff*, 3 Hill, 413; *Richards* v. *Bayonne*, 61 N. J. L. 496; *Finlen* v. *Heinze*, 27 Mont. 107.) A taxpayer's action is a proper method of testing the validity of the apportionment. (*Rathbone* v. *Wirth*, 150 N. Y. 459; *Bush* v. *Board of Supervisors*, 159 N. Y. 212; *Peck* v. *Belknap*, 130 N. Y. 394; *Meyers* v. *City of New York*, 58 App. Div. 534; *Rogers* v. *Board of Supervisors*, 77 App. Div. 501; *Kurtz* v. *Clausen*, 38 Misc. Rep. 105; *Mercer* v. *Floyd*, 24 Misc. Rep. 164; *Hurlbut* v. *Banks*, 52 How. Pr. 196; *Brill* v. *Miller*, 140 App. Div. 602; *Warren* v. *Baldwin*, 105 N. Y. 534.) The respondents' claim of laches is untenable. (*Matter of Thurber*, 162 N. Y. 244; *Pringle* v. *Long Island R. R. Co.*, 157 N. Y. 100; *Treadwell* v. *Clark*, 190 N. Y. 51, 60; *Matter of Curtiss*, 199 N. Y. 36; *Taylor* v. *Porter*, 4 Hill, 140; *People* v. *Allen*, 42 N. Y. 278; *Ellinger* v. *Comm.*, 102 Va. 100; *County Comrs.* v. *P. B. Co.*, 109 Md. 1.) The present apportionment (L. 1907, ch. 727) is unconstitutional and void, because passed at an extraordinary and not at a regular session of the legislature. (*Matter of Sherrill* v. *O'Brien*, 188 N. Y. 185; *People ex rel. Pond* v. *Board*, 65 Hun, 263; *People* v. *Hutchinson*, 172 Ill. 486; *State ex rel. Attorney-General* v. *Cunningham*, 81 Wis. 440; *People ex rel. Carter* v. *Rice*, 135 N. Y. 473; *Rumsey* v. *People*, 19 N. Y. 41.) The present apportionment is also

unconstitutional and void, because it joined Richmond and Rockland counties in one senate district. (*Matter of Sherrill* v. *O'Brien*, 188 N. Y. 185.)

*Thomas Carmody, Attorney-General* (*Edward R. O'Malley* and *Elon R. Brown* of counsel), for state of New York. It was within the power of the legislature to pass an act of apportionment at an extraordinary session. (*People ex rel. Carter* v. *Rice*, 135 N. Y. 473; *Matter of Porter* v. *Whalen*, 128 App. Div. 881; *Rumsey* v. *People*, 19 N. Y. 41; *Lavery* v. *Commonwealth*, 101 Penn. St. 560; *Adams* v. *Bosworth*, 126 Ky. 61; *Kenny* v. *Hudspeth*, 59 N. J. L. 504.) It is not a violation of the Constitution to unite Richmond and Rockland counties to form the twenty-third senatorial district. (*Matter of Sherrill* v. *O'Brien*, 188 N. Y. 185; *Matter of Porter* v. *Whalen*, 128 App. Div. 881.) The Appellate Division did not err in holding that the judicial power of the court had not been invoked in the Reynolds proceedings. (*Marbury* v. *Madison*, 1 Cranch, 137; *Matter of Sherrill* v. *O'Brien*, 186 N. Y. 1; *Matter of Baird*, 138 N. Y. 95; *People* v. *Halsey*, 37 N. Y. 344; *People ex rel. Carter* v. *Rice*, 135 N. Y. 473; *Baird* v. *Supervisors of Kings Co.*, 138 N. Y. 95; *Smith* v. *Supervisors of St. Lawrence*, 148 N. Y. 187; *Matter of Whitney*, 142 N. Y. 531; *Matter of Timmerman*, 51 Misc. Rep. 192; *Sherrill* v. *O'Brien*, 188 N. Y. 185; *People ex rel. Smith* v. *Richmond*, 5 Misc. Rep. 26; *People ex rel. Field* v. *Aldermen*, 89 Hun, 460; *People ex rel. Henderson* v. *Supervisors*, 147 N. Y. 1; *People ex rel. Gleason* v. *Supervisors*, 14 Misc. Rep. 105.) The appellants in both proceedings, and in the taxpayer's action, are guilty of laches because of delay in asking to have the Apportionment Act declared void, and the relief prayed for should be denied. (*Middletown* v. *Newport Hospital*, 1 L. R. A. 191; *Brown* v. *Buena Vista Co.*, 95 U. S. 160; *Adams* v. *Bosworth*, 126 Ky. 61; *Rumsey* v. *People*, 19 N. Y. 41; *Lavery*

v. *Comm.*, 101 Penn. St. 560; *Kenny* v. *Hudspeth*, 59 N. J. L. 504; *State* v. *Gerhardt*, 145 Ind. 439; *Rogers* v. *Goodwin*, 2 Mass. 475; *State* v. *McLean County*, 11 N. Dak. 356; *State* v. *Des Moines*, 31 L. R. A. 186; *People* v. *Maynard*, 15 Mich. 470.) A taxpayer's action is not the proper remedy to determine the constitutionality of the Apportionment Act, affecting the political and not the property rights of the plaintiff. (*Starin* v. *Mayor*, 42 Hun, 549; *Talcott* v. *City of Buffalo*, 125 N. Y. 280; *People* v. *N. Y. C. & M. B. Ry. Co.*, 84 N. Y. 565; *Rogers* v. *O'Brien*, 153 N. Y. 357; *Demerest* v. *Wickham*, 63 N. Y. 320; *Govers* v. *Board of Supervisors*, 171 N. Y. 403; *Greene* v. *Knox*, 175 N. Y. 432; *Farley* v. *City of Lockport*, 61 Misc. Rep. 417; *Hearst* v. *McClellan*, 102 App. Div. 336; Code Civ. Proc. § 2067; *Lutes* v. *Biggs*, 64 N. Y. 404; *Sherrill* v. *O'Brien*, 186 N. Y. 1; *Molloy* v. *City of New Rochelle*, 198 N. Y. 412.)

*Bronson Winthrop, George Roberts* and *Francis R. Appleton, Jr.*, for George H. Cobb et al., respondents. The jurisdiction of the Supreme Court has not been invoked by the present proceedings. (Cooley on Const. Lim. p. 579; *Upshur County* v. *Rich*, 135 U. S. 467; *Anderson* v. *Snyder*, 21 W. Va. 632; Thayer's Const. Law, p. 176; *Matter of District Attorneys*, 12 Col. 466; *Brown* v. *United States*, 219 U. S. 346; *State ex rel. Atty.-Gen.* v. *Cunningham*, 81 Wis. 440; *C., etc., Ry. Co.* v. *Wellman*, 143 U. S. 339; *Singer Mfg. Co.* v. *Wright*, 141 U. S. 696; *Richardson* v. *McChesney*, 218 U. S. 487; *Matter of Gage*, 141 N. Y. 112; *Matter of Fairchild*, 151 N. Y. 359; *People ex rel. Hummel* v. *Reardon*, 186 N. Y. 164.) Laches is a sufficient defense to the petition. (*Matter of Sherrill* v. *O'Brien*, 188 N. Y. 185; *Smith* v. *Supervisors of St. Lawrence County*, 148 N. Y. 187; *People* v. *Supervisors of Westchester County*, 147 N. Y. 1; *Matter of Whitney*, 142 N. Y. 531; *Matter of Baird*, 142

N. Y. 523; *Baird* v. *Supervisors*, 138 N. Y. 95; *People
ex rel. Carter* v. *Rice*, 135 N. Y. 473; *Matter of Timmer-
man*, 109 N. Y. Supp. 57; *People ex rel. Field* v. *Board
of Aldermen*, 89 Hun, 460; *People ex rel. Gleason* v.
*Board of Aldermen*, 14 Misc. Rep. 105; *People ex rel.
Smith* v. *Richmond*, 5 Misc. Rep. 26.)

*Elon R. Brown* and *H. H. Babcock* for William W.
Armstrong, respondent.   Mandamus has been uniformly
applied in cases of apportionment in this state, and is the
only remedy.   (*Matter of Sherrill* v. *O'Brien*, 186 N. Y.
1; *Matter of Baird*, 138 N. Y. 95; *People ex rel. Carter*
v. *Rice*, 135 N. Y. 473; *Baird* v. *Supervisors*, 138 N. Y.
95; *Baird* v. *Supervisors*, 142 N. Y. 523; *Smith* v.
*Supervisors*, 90 Hun, 568; *Smith* v. *Supervisors*, 148
N. Y. 187; *Matter of Whitney*, 75 Hun, 581; 142 N. Y.
531; *Matter of Timmerman*, 51 Misc. Rep. 192; *Sherrill*
v. *O'Brien*, 188 N. Y. 185; *People ex rel. Smith* v. *Rich-
mond*, 5 Misc. Rep. 26; *People ex rel. Field* v. *Alder-
men*, 89 Hun, 460; *People ex rel. Henderson* v. *Super-
visors*, 147 N. Y. 1; *People ex rel. Gleason* v. *Super-
visors*, 14 Misc. Rep. 105.)   The petitioners are guilty of
such laches on this application to review the apportion-
ment of 1907 that relief must be denied now even if the
proceedings were brought in proper form on good
grounds.   (*Middletown* v. *Newport Hospital*, 1 L. R.
A. 191; *Brown* v. *Buena Vista Co.*, 95 U. S. 160; *Adams*
v. *Bosworth*, 126 Ky. 61; *Rumsey* v. *People*, 19 N. Y.
41; *Lavery* v. *Comm.*, 101 Penn. St. 560; *Kenny* v.
*Hudspeth*, 59 N. J. L. 504; *State* v. *Gerhardt*, 145 Ind.
439; *Rogers* v. *Goodwin*, 2 Mass. 475; *State* v. *McLean
County*, 11 N. Dak. 356; *State* v. *Des Moines*, 31 L. R.
A. 186; *People* v. *Maynard*, 15 Mich. 470.)   The appor-
tionment of 1907 was properly made at an extraordinary
session, and the claim to the contrary has nothing to rest
upon either in the language of the Constitution itself or
the reason of its enactment.   (*Rumsey* v. *People*, 19

N. Y. 41; *Lavery* v. *Commonwealth*, 101 Penn. St. 560; *Adams* v. *Bosworth*, 126 Ky. 61; *Kenny* v. *Hudspeth*, 59 N. J. L. 504.)

*Julius M. Mayer* and *A. S. Gilbert* for Seth Low et al., respondents.    The statute in question, namely, chapter 727 of the Laws of 1907, having become a law July 25, 1907, and the original proceeding not having been commenced until November, 1910, the proceeding should be dismissed.    (*Matter of Sherill* v. *O'Brien*, 188 N. Y. 185.)

*Bronson Winthrop*, *George Roberts* and *Francis R. Appleton, Jr.*, for John E. Smith, respondent.    A taxpayer cannot maintain an action to enjoin the board of elections of the city of New York from expending the moneys of said city necessary to hold a primary and general election for the year 1911 in the several senate and assembly districts in said city as organized under chapter 727 of the Laws of 1907 on the ground that said chapter is unconstitutional.    (*Rogers* v. *O'Brien*, 153 N. Y. 357; *Lawson* v. *Lincoln*, 86 App. Div. 217; *Talcott* v. *City of Buffalo*, 125 N. Y. 280; *Farley* v. *City of Lockport*, 113 N. Y. Supp. 702; *McCord* v. *Lauterbach*, 91 App. Div. 315; *Connolly* v. *Union Sewer Pipe Co.*, 184 U. S. 540; *Bush* v. *O'Brien*, 164 N. Y. 205; *Wenk* v. *City of New York*, 171 N. Y. 607; *Wilcox* v. *McClellan*, 185 N. Y. 9; *Bush* v. *Coler*, 170 N. Y. 587.)    The appellants have been guilty of such laches as to preclude them, as a matter of law, from obtaining the injunction prayed for. (*Penrhyn Slate Co.* v. *G. E. L. & P. Co.*, 181 N. Y. 80; *Simar* v. *Canaday*, 53 N. Y. 289; *Ostrander* v. *Hart*, 130 N. Y. 406; *Donnelly* v. *West*, 17 Hun, 564; *Curtin* v. *Barton*, 139 N. Y. 505; *Doyle* v. *Met., etc., Co.*, 136 N. Y. 505; *Parker* v. *State*, 133 Ind. 178; *U. S.* v. *Beebe*, 127 U. S. 338; *People* v. *Steinson*, 158 N. Y. 125; *People ex rel. Gas Light Co.* v. *Common Council*, 78 N. Y. 56.)    The extraordinary session con-

vened in 1907 had the power to pass chapter 727 of the Laws of 1907.  (*People* v. *Thompson*, 155 Ill. 451; *Ex parte Heath*, 3 Hill, 42; *People* v. *Supervisors of Chenango County*, 8 N. Y. 317; *People* v. *Allen*, 6 Wend. 486; *Smith* v. *Jones*, 1 Barn. & Adol. 328, 334; *State* v. *Cunningham*, 81 Wis. 440.)

*Archibald R. Watson, Corporation Counsel* (*Terence Farley* of counsel), for the City of New York et al., respondents.

CULLEN, Ch. J.   These three proceedings were brought to accomplish the same object, to wit, to have the legislative apportionment act passed in 1907 (Ch. 727) declared unconstitutional and void, and to have the election to be held in November of this year (1911) conducted in conformity with the apportionment made by the Constitution of 1895.   They will be considered in the order in which they have been argued before us.

(1) The first of these proceedings was commenced by an order to show cause granted by a Special Term of the Supreme Court of the county of New York on November 7, 1910.   It was founded on a petition made by the appellants on behalf of themselves and all other citizens of the state, which alleged that the new apportionment was in violation of the constitutional provision on that subject for reasons stated in detail.   The relief asked was that the present apportionment of the senate and assembly districts be reviewed and adjudged unconstitutional.   On the presentation of the petition the court made an order addressed to the attorney-general, to the governor of the state, the president of the senate and the speaker of the house, directing them to show cause why the prayer of the petition should not be granted.   The order was served on the officers named, who appeared on the return day of the order and objected to the jurisdiction of the court.   This objection was overruled and an order was entered to that

effect. On appeal the Appellate Division reversed the order and dismissed the proceedings on the ground that there was no warrant in law for the maintenance of such a proceeding which was held to be wholly extra judicial. We entertain the same view and concur with the opinion of MILLER, J., in the court below. While the legislature might under the Constitution have authorized such a proceeding as the one before us, it had not until yesterday enacted any statute on the subject. That statute cannot be retroactive to the extent of rendering the previous decisions of the Appellate Division erroneous. We are of the further opinion that had such proceeding been maintainable, the petition was properly denied on the ground of laches. Apportionments are directed by the Constitution to be made every ten years. They are made subject to review by the Supreme Court at the suit of any citizen under such regulations as the legislature may prescribe, and it is expressly directed that "any court before which a cause may be pending involving an apportionment, shall give precedence thereto over all other causes and proceedings, and if said court be not in session it shall convene promptly for the disposition of the same." (Const. article III, section 5.) After the census of 1905 the legislature at its session in 1906 passed an apportionment act. (Ch. 431.) The validity of that act was attacked by an application for a mandamus to the secretary of state to issue the election notices in accordance with the old apportionment on the ground that the new apportionment was a nullity. This application was denied by the Supreme Court in both branches and the elections of 1906 were held under the apportionment act of that year. On appeal to this court, however, the orders of the Supreme Court were, in April, 1907, reversed and the apportionment under review declared invalid. (*Matter of Sherrill* v. *O'Brien*, 188 N. Y. 185.) Thereupon, at an extraordinary session of the legislature held in that year, the present apportionment was enacted. Under it

have been held the general elections of 1907, 1908, 1909 and 1910, during which period the petitioners have taken no steps to have the validity of that apportionment reviewed.   There are few things in the world in which stability and order are more requisite than in government. It could not have been the constitutional intent that at any time during the decennial period for which an apportionment is to continue — even up to the last moment — it should be subject to attack.   This is made plain by the constitutional requirement that every court shall immediately convene and dispose of a litigation involving an apportionment.   It would be unreasonable that the utmost speed should be required of the courts in disposing of such a litigation, and yet the litigant be not held to any degree of promptness in instituting it.

The order appealed from should be affirmed, with costs.

(2) The second of these litigations is a taxpayer's action brought to enjoin the defendants, constituting the board of elections of the city of New York, from holding the primaries of the respective political parties and the general elections in conformity with the apportionment of 1907.   The application for an injunction was denied by both branches of the Supreme Court and the appeal is taken to this court by permission granted by the Appellate Division, which has certified three questions, as follows:

" 1. Does chapter 727 of the Laws of 1907 violate any of the provisions of the Constitution of the State of New York ?

" 2. Was the motion of the plaintiffs properly denied as matter of law?

" 3. Can a taxpayer maintain an action to enjoin the board of elections of the city of New York from expending the money of said city necessary to hold a primary and general election for the year 1911 in the several senate and assembly districts in said city, as organized

under Chapter 727, Laws of 1907, on the ground that said act is unconstitutional?"

The action was brought after the adverse decision of the Appellate Division already considered. In disposing of it we are not favored with the views of the Appellate Division, for no opinion was there written. In our view of the case it is not necessary to its determination to answer the question of the constitutionality of the statute. The application for an injunction was properly denied on several grounds. 1st. For laches on the part of the plaintiffs — a subject already considered in the discussion of the first proceeding; 2nd. We are of opinion that neither section 1925 of the Code, nor section 51 of the General Municipal Law authorizes the maintenance of this action. The first statute provides that an action may be maintained "to obtain a judgment, preventing waste of, or injury to, the estate, funds, or other property of a county, town, city or incorporated village of the state  \*  \*  \*  against any officer thereof, or any agent, commissioner, or other person, acting in its behalf." The second statute provides that "all officers, agents, commissioners and other persons acting, or who have acted, for or on behalf of any county, town, village or municipal corporation in this state, and each and every one of them, may be prosecuted, and an action may be maintained against them to prevent any illegal official act on the part of any such officers, agents, commissioners or other persons, or to prevent waste or injury to, or to restore and make good, any property, funds or estate of such county, town, village or municipal corporation." To bring the case within either statute the act sought to be enjoined should in some manner affect the estate, funds or property rights of the municipality. The Code provision expressly limits the action to that purpose. The Municipal Law authorizes the maintenance of an action to prevent "any illegal official act on the part of any such officers, agents, commissioners or other persons."

But who are the officers whose illegal acts may be restrained? Only those "acting or who have acted for or on behalf of" the municipal corporation. The defendants, the city board of elections, doubtless are local officers, but no relation of principal and agent, or of master and servant, exists between them and the city. (*Maxmilian* v. *Mayor, etc., of N. Y.*, 62 N. Y. 160; *Ham* v. *Mayor, etc., of N. Y.*, 70 id. 459; *N. Y. & Brooklyn Saw Mill & Lumber Co.* v. *City of Brooklyn*, 71 id. 580.) They did not act on behalf of the municipal corporation, but for the public in the control and direction of the machinery of the general elections of the State. As said by Chief Judge ANDREWS in *Rogers* v. *O'Brien* (153 N. Y. 357, 362): "It is absurd to suppose that the legislature, by the statute, intended to draw into the preventive jurisdiction in equity, at the instance of any taxpayer, any proposed illegal official act, irrespective of the fact whether the act sought to be restrained involves a waste of public property or a violation of public rights, or any injury to the interests of the taxpayers, as such." It is not alleged in the complaint that elections, whether primary or general, will cost any greater sum under the new apportionment than under the old apportionment. It is the settled law of this state, as well as of the United States, that equity has no jurisdiction over contests for public office. It is true that cases can be found in which this rule has been violated, but the overwhelming weight of authority sustains it. (*People ex rel. Corscadden* v. *Haswell*, 177 N. Y. 499.) The intention of the taxpayers' acts is doubtless to afford the taxpayer redress for the waste, fraud and peculations of public officers, but it was never intended thereby to confer on courts of equity jurisdiction over a subject which had always been excluded from their cognizance. All attempts to so pervert taxpayers' suits should be discouraged. At the time this action was brought defendants found an apportionment law that, whether valid or invalid, had been acquiesced in by the peeple of the state at four

general elections.   The plaintiffs, unless debarred by their laches, could have tested the validity of that apportionment by an application for a mandamus, as was done in *Matter of Sherrill* v. *O'Brien (supra)*.   Thus, there was no justification for a resort to equity, there being a complete remedy at law.   Until that remedy had been invoked and the apportionment declared invalid, the board of elections was justified in holding the election in accordance with the last Apportionment Act.

The orders of the Appellate Division and Special Term should be affirmed, with costs; the second question should be answered in the affirmative, the third in the negative and the first left unanswered.

(3) The third appeal is from an affirmance by the Appellate Division of an order denying the relator's application for a mandamus to the secretary of state commanding that officer to transmit to the several county clerks and boards of elections in the city of New York election notices in accordance with the apportionment contained in the State Constitution of 1895, and not with that prescribed by the law of 1907.   This proceeding was the proper one for the purpose sought to be accomplished, being the same as that adopted in *Matter of Sherrill* v. *O'Brien (supra)*.   We are thus brought to the merits of the application.   The validity of the Apportionment Act of 1907 was impugned on two grounds only: *First*, that the non-contiguous counties of Richmond and Rockland had been united to form a senatorial district; *second*, that the Apportionment Act was passed at an extraordinary, instead of a regular session of the legislature.   We consider the first objection disposed of by what has been said on the subject in the *Sherrill* case. The Constitution requires that each senate district shall contain as near as may be an equal number of inhabitants; that it shall be as compact as practicable and consist of contiguous territory, and that no county shall be divided in the formation of a senate district, except to

make two or more senate districts wholly in such county. In the case of Richmond county the constitutional requirements are irreconcilable, and it was impossible to comply with all. The only counties contiguous to Richmond are New York and Kings. Each of these counties contained more than one senatorial district. To combine Richmond, therefore, with parts of either of these counties would violate the requirement of the Constitution last mentioned. If combined with any other county it would violate the rule as to contiguity. To constitute Richmond by itself a senatorial district would violate the constitutional requirement as to equality of population — the population of that county being only 72,000, about one-half the requisite population if the state were divided into exactly equal senatorial districts, regardless of the county or municipal lines. The union of Richmond and Rockland counties complies as nearly with the letter of the Constitution as is physically possible, and probably complies nearer with the spirit of the Constitution than any other that could be suggested. Indeed, in the Constitution itself Richmond county is treated as an exception; for by that instrument it was joined to the non-contiguous county of Suffolk to form a senatorial district.

The objection that the apportionment was made at an extraordinary session of the legislature is not well founded. As to apportionments the Constitution provides: " The said districts shall be so altered by the Legislature at the first regular session after the return of every enumeration." (Article III, section 4.) The question is whether the provision as to the regular session is a qualification as to the character of the session at which an apportionment bill can be enacted, or whether it is merely part of the definition of the time or period at which the duty is imposed on the legislature to make a new apportionment. We think it is clearly the latter. " First regular " merely prescribes when the legislature

is first empowered to alter the districts for legislative representation.

We think the suggestion that the legislature at an extraordinary session would be under the domination of the governor and thus be induced to pass an unfair statute, and that the constitutional provisions were intended to guard against such an evil, is wholly fanciful. Such a thought might occur to a recluse whose knowledge of the world is exclusively gathered from the books in his library, but would not be considered seriously by any one whose familiarity with government was acquired by participation in public affairs. The governor would have no personal interest in an apportionment, and if he and the legislature were in accord, he would have no reason for resorting to an extraordinary session. On the other hand, no one can imagine that any governor could force a hostile legislature to enact an apportionment bill unfair to the party of the legislative majority either at a regular session or at an extraordinary session, unless possibly by the exercise of the veto power, which is equally great at either session. If our interpretation of the Constitution is correct, the power vested in and imposed upon the legislature to pass a constitutional apportionment bill was a continuing one until exercised and discharged, and the legislature at any time after the time prescribed by the Constitution and at any character of session, might discharge the duty which was still undischarged.

The order appealed from should be affirmed, with costs.

HAIGHT, J. I concur in the opinion of the chief judge in these proceedings.

In *Matter of Sherrill* v. *O'Brien* (188 N. Y. 185-217) I entertained the view that the proceedings in that case should be dismissed upon the ground of laches. I was then of the opinion that the provision of the Constitution giving to *any citizen* the right to have an apportionment

by the legislature reviewed by the court was self-executing; and in the absence of an act of the legislature prescribing the practice to be followed the courts would entertain an application on the part of any citizen for a review; and that consequently it was not necessary to wait until it became time for the secretary of state to give notice of the election of senators and assemblymen and the districts from which they were to be chosen. But my associates then differed with me with reference to my construction of the provision, holding that, in the absence of legislation establishing the practice to be followed, a citizen could only proceed under the provisional remedies given by the Code, and, therefore, it was necessary to wait until it became time for the secretary of state to give the notices of election and then proceed by a mandamus. That decision established the practice, and, although it was against my view, it now becomes my duty to follow the determination then made.

VANN, WERNER, HISCOCK, CHASE and COLLIN, JJ., concur with CULLEN, Ch. J.; HAIGHT, J., concurring in memorandum.

Order affirmed.