(155 App. Div. 224.)

### HOPPER v. WILLCOX et al.

(Supreme Court, Appellate Division, First Department.    February 28, 1913.)

1. COURTS (§ 237*)—CERTIFICATE OF CASE BY SUPREME COURT—NATURE OF QUESTION—DENIAL OF TEMPORARY INJUNCTION.

   The Appellate Division will not certify a question or allow an appeal to the Court of Appeals from an order denying a temporary injunction, unless the parties stipulate that on the determination of one question

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of law, which the court can determine, in favor of the plaintiff, he would be entitled to a permanent injunction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 491, 678–698; Dec. Dig. § 237.*]

2. COURTS (§ 237*)—CERTIFICATION OF QUESTIONS—NATURE OF QUESTION.

The Appellate Division will not certify the question of the illegality of a contract by a public service commission, where the Court of Appeals has determined that execution of the contract was not illegal; or a question as to whether its execution would be a waste of public funds; that not being a question of law.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 491, 678–698; Dec. Dig. § 237.*]

Laughlin, J., dissenting.

Action by John J. Hopper against William R. Willcox and others, constituting the Public Service Commission for the First District, and others. An order continuing an injunction pendente lite was reversed by the Appellate Division (140 N. Y. Supp. 277), and plaintiff moves for leave to appeal to the Court of Appeals on certified questions. Motion denied.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGH-LIN, CLARKE, and SCOTT, JJ.

Clarence J. Shearn, of New York City, for the motion.
Morgan J. O'Brien, George S. Coleman, and James L. Quacken-bush, both of New York City, George D. Yeomans, of Brooklyn, and Archibald R. Watson, Corp. Counsel, of New York City, opposed.

INGRAHAM, P. J. [1] This court has consistently refused to certify a question to the Court of Appeals or to allow an appeal to the Court of Appeals from an order denying a motion for a temporary injunction, excepting when the parties stipulate that on the determination of one question of law, which the court can determine, in favor of the plaintiff, the plaintiff would be entitled to a permanent injunction. The cases cited by the counsel for the moving party were all cases where the question was as to the constitutionality of a statute; as Miller v. City of New York, 202 N. Y. 430, 96 N. E. 87, 416, where the sole question was as to the right of the plaintiff to maintain the action (County of Albany v. Hooker, 204 N. Y. 1, 97 N. E. 403), or where the action was brought to restrain the city of New York from exceeding the limit of indebtedness under the Constitution and where the question was submitted to the court on conceded facts and there were presented but questions of law based on those facts, as in Levy v. McClellan, 196 N. Y. 178, 89 N. E. 569.

[2] In the former case involving the power to execute the contract, the Court of Appeals has decided that the amendments of 1912 to the Rapid Transit Act were constitutional, and the fundamental provisions of these contracts were authorized by the Rapid Transit Act as amended by Laws of 1912. It was then settled that defendants would not commit an illegal act by the execution of these contracts. The

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes-

other question, as to whether the execution of these contracts would be a waste of the funds of the city, was not a question of law, and therefore no question of law could be certified which the Court of Appeals would consider.

The motion is therefore denied, with $10 costs.

McLAUGHLIN, CLARKE, and SCOTT, JJ., concur.

LAUGHLIN, J. (dissenting). I am of opinion that the motion for leave to appeal from the order of this court, vacating the injunction pendente lite, and to have questions certified for review by the Court of Appeals, should be granted.

Ordinarily, of course, the granting or withholding of a temporary injunction rests in the judicial discretion of the court of original jurisdiction, and it is not reviewable by the Court of Appeals; but this is not a suit arising under, or addressed to, the general jurisdiction of a court of equity. The plaintiff here, as one of the taxpayers of the municipality, invokes a particular remedy given by statute for the protection of those who contribute the funds for the disbursement of which public officials are about to contract, and if upon the trial of the action the plaintiff shows, as he alleges, that the execution of the proposed contracts is not authorized by law, or will constitute an injury to or waste of public municipal funds, it will then become the mandatory duty of the court, duly enjoined upon it by the Legislature, to grant an injunction, even though the contractors may be responsible and there might be an adequate remedy at law, which in the exercise of ordinary equity jurisdiction warrants the withholding of an injunction. Therefore, in an action arising under the Taxpayer's Act, so called (now section 51, Municipal Law, being chapter 29, Laws 1909 [Consol. Laws 1909, c. 24]), I think that it is the mandatory duty of a court of equity to grant a temporary injunction where the uncontroverted facts would entitle plaintiff to an injunction on the trial, and that the denial of a motion for such an injunction at special term, or the vacating by this court of an injunction so granted, is neither shielded nor precluded from review by the Court of Appeals on the theory that it was but the exercise of judicial discretion. If the facts were fairly susceptible of two views, one of which would require an injunction and the other would not, and we took the latter view, our order would not be reviewable; but that is not this case. My vote to vacate the injunction was based upon the legal propositions discussed in our opinion; and, owing to the importance of the case and the disastrous consequences that might follow the annulment of the contracts after part performance, I would not have voted to vacate the injunction if on any reasonable view of the facts I thought the plaintiff could succeed upon the trial of the action, for, in my judgment, those considerations far outweigh the arguments in favor of immediate action.

The plaintiff alleges, and his learned counsel assigns four grounds upon which it is strenuously contended that the execution of the proposed contracts will constitute illegal official acts and waste of mu-

nicipal funds, viz.: (1) That in determining the "average annual income" from the operation of the Interborough Company, pursuant to the provisions of subdivision 2 of section 27 of the Rapid Transit Act (Laws 1909, c. 489), as amended by section 8 of chapter 226, Laws 1912, which is to be retained as rentals for the use of its road, allowance should have been, but was not, made for past depreciation not requiring present expenditure; (2) that the city is pecuniarily interested in the sale of the bonds, the issue of which is provided for in the contract and which plaintiff claims are to be sold at a grossly inadequate price; (3) that the changes made in the contract since the advertised hearings require that new hearings should be had; and (4) that the proposed contracts are prohibited by the Constitution of the state of New York. The contentions on these four points, made on behalf of plaintiff, present questions of law only. We unanimously decided them against him, but our decision is not final. The decision of the Court of Appeals in Admiral Realty Co. v. City, 206 N. Y. 110, 99 N. E. 241, precluded the members of this court from expressing their views on the constitutional questions presented; but two strong dissenting opinions were filed in that case, and therefore its authority will doubtless be confined strictly to the facts then presented for adjudication. The execution of the contracts will not prevent a review of all of these questions by the Court of Appeals, or foreclose that court from distinguishing the contracts, as now proposed, from those which it sustained, or even reversing or overruling its former decision should it on reargument or further consideration deem it unsound. See Fitzwater v. Warren, 206 N. Y. 355, 99 N. E. 1042, overruling Knisley v. Pratt, 148 N. Y. 372, 42 N. E. 986, 32 L. R. A. 367.

In my opinion the public interests require that all of these questions be finally settled, if possible, or, at least, as far as possible, by the Court of Appeals *before* rather than *after* the execution of the contracts. It may be difficult so to frame questions as to insure a review on all the points, for the only precedents for allowing appeals to the Court of Appeals from orders vacating or affirming orders denying temporary injunctions arose in cases involving only questions of constitutional law or statutory construction, without any possible question involving discretion (see Matter of Reynolds, 202 N. Y. 430, 96 N. E. 87, 416; County of Albany v. Hooker, 204 N. Y. 1, 97 N. E. 403; and Levy v. McClellan, 196 N. Y. 178, 89 N. E. 569); but if we should try, and the Court of Appeals should deem itself without jurisdiction in whole or in part, I think we would not, in view of the great public interests involved, be justly subject to criticism. I think that the Court of Appeals would at least answer questions as to whether the complaint states a cause of action, and whether the uncontroverted facts entitle plaintiff to an injunction. We could require the plaintiff to consent to argue the appeal without notice, as soon as the Court of Appeals will hear it—his counsel only asks that he be given 10 days to have the order reviewed—and, since that court is now in session, if it takes jurisdiction it will doubtless follow its practice on appeals of public importance and hear the appeal at once. If some or all of these questions could thus be set at rest by the Court of Appeals, that

would, in my judgment, more than compensate for the few days or a week's delay incident to the review.

I therefore vote to grant the motion and to certify the questions proposed by counsel for the plaintiff.