In the Matter of the Claim of CHARLES OLIVE, Respondent, against ST. JOHN's COLLEGE and THE GREAT AMERICAN INDEMNITY COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Motion for leave to appeal to the Court of Appeals denied. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

In the Matter of the Claim of SOL FINEMAN, Respondent, against ALBANY EVENING UNION COMPANY and THE HARTFORD ACCIDENT & INDEMNITY COMPANY OF HARTFORD, CONNECTICUT, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Motion for reargument denied. Motion for leave to appeal to the Court of Appeals denied. Attention is called to the fact that the moving papers fail to contain a copy of the decision of this court. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

In the Matter of the Claim of KATHERINE BACHMAN, Respondent, against FRED SEITZ, INC., and LONDON & LANCASHIRE INDEMNITY COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Motion for leave to appeal to the Court of Appeals denied. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

In the Matter of the Claim of JOHN DALY, Respondent, against BOARD OF ELECTIONS OF THE CITY OF NEW YORK, Respondent, and STATE INSURANCE FUND, Appellant. STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award of the State Industrial Board of compensation under the Workmen's Compensation Law. Claimant was an employee in the office of the board of elections of the city of New York. The sole question is whether he was an employee of the State within the contemplation of the Workmen's Compensation Law, the benefits of which are extended to " any employment by the State." (Workmen's Comp. Law, § 3, subd. 1, group 16.) The board of elections of the city of New York is a State agency. (Matter of Reynolds, 202 N. Y. 430, 441; Schieffelin v. Komfort, 212 id. 520.) Award affirmed, with costs to the State Industrial Board. Hill, P. J., Crapser, Bliss and Heffernan, JJ., concur; Rhodes, J., dissents and votes to reverse the award and to dismiss the claim, on the ground that the claimant is not a State employee.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALFRED L. GEILER, Appellant.— Judgment modified by reducing the conviction from assault, second degree, to assault, third degree, and as so modified, affirmed. Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ., concur.