In the Matter of the Claim of JAMES E. KELLY, Respondent, against COMMISSIONER OF RECORDS, SURROGATE'S COURT, NEW YORK COUNTY, Employer, and STATE INSURANCE FUND, Insurance Carrier, Appellant.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, May 3, 1939.

*Bernard Botein* [*George J. Hayes* of counsel], for the appellant.

*John J. Bennett, Jr., Attorney-General* [*Leon Freedman, Assistant Attorney-General,* of counsel], for the respondent State Industrial Board.

*William C. Chanler, Corporation Counsel* [*Samuel A. Bloom* and *Sidney Shemel* of counsel], for the City of New York, *amicus curiæ.*

HILL, P. J.   Upon the theory that claimant was a State employee, an award has heretofore been made him against the State as compensation for disability arising from an accidental injury received in his employment as a clerk and laborer in the office of the commissioner of records of the Surrogate's Court of New York county.   The award was affirmed by this court.   (255 App. Div. 743.)   Motion for reargument was granted (256 App. Div. 870) to permit consideration of *Matter of Miller* v. *State* (279 N. Y. 74) and *Matter of Daly* v. *Board of Elections of City of New York* (Id. 743).   In the *Miller* case it was decided that a recording clerk in the office of the register of the county of New York was a county employee, citing *inter alia Olmsted* v. *Meahl* (219 N. Y. 270) which determined that a county clerk, while recording deeds, mortgages and like instruments, was performing a local function, but while acting as a clerk of a court, was a part of the judicial system of the State and a State officer.   The *Miller* case held that the duties of the register of New York county were comparable with the local functions of a county clerk and, therefore, of a local character, and reversed an award against the State.   Daly, a temporary assistant custodian in the office of the board of elections of the city of New York, was classified as a State employee, and an award against the State was affirmed upon the theory that the board of elections of the city of New York was a State agency. (*Matter of Reynolds*, 202 N. Y. 430; *Schieffelin* v. *Komfort*, 212 id. 520.)

The statute empowers the surrogates of the county of New York to appoint a commissioner of records of the Surrogate's Court, who, among other things, is to " appoint such employees to assist him in the performance of his duties as may be authorized by the surrogates." (Laws of 1911, chap. 534.)   The duties of the commissioner are to collate, restore and arrange the records, wills, documents, books and papers deposited or on file in the office of the Surrogate's Court of the county of New York.   In *Matter of Prendergast* v. *Cohalan* (101 Misc. 712; affd., 179 App. Div. 883; affd., 226 N. Y. 636) the application of the city of New York for an order of mandamus directing the surrogates of New York county to furnish statistical records from that court to the city, was denied. The opinion in the Miscellaneous Reports (p. 713) states: " A county officer is one through whom the county performs its usual political or governmental functions.   [Citations.]   The respondents are judicial officers of the State (*Landon* v. *Mayor*, 7 J. & S. 467; and *Matter of Runk*, 200 N. Y. 453–456), and Surrogates' Courts are expressly recognized in article VI, section 15, █ of the

New York State Constitution. The clerks, assistant clerks and attendants of the Surrogate's Court are also State officers. The Appellate Division affirmed the order on the opinion of the Special Term. The Court of Appeals affirmed without opinion, the memorandum stating (p. 637): "The Special Term held that section 149-a of the Charter of New York city, which provides for the furnishing of detailed reports as required by the comptroller, was not applicable to the surrogates of New York county, inasmuch as the surrogates were not county but judicial officers of the State and, therefore, both the surrogates and their employees are State officers and employees." *Ledwith* v. *Rosalsky* (244 N. Y. 406) decided that a judge of the Court of General Sessions of the County of New York was not an officer in the service of the city or county of New York. The opinion (p. 411) cited *Whitmore* v. *Mayor* (67 N. Y. 21), wherein it was determined upon the authority of *Quin* v. *Mayor, etc.* (44 How. Pr. 266; affd., 53 N. Y. 627) that clerks of the District Courts of the city were judicial officers, embraced within the judiciary system of the State. The prevailing opinion in *Matter of LaRocca* v. *Flynn* (257 N. Y. 5) recognized that surrogates were State officers, and the dissenting opinion cited the *Prendergast* case with approval.

The claimant was an employee of the Surrogate's Court. The surrogates selected the commissioner and, pursuant to the statute, empowered him to appoint claimant and such other employees as might be necessary. The *Miller* case is not an authority against the affirmance of this award. The *Daly* case is analogous and sustains an affirmance, as claimant is a State officer, as was Daly.

The award was proper and should be affirmed.

BLISS and HEFFERNAN, JJ., concur; CRAPSER, J., dissents, and votes to reverse the award and to dismiss the claim.

Award affirmed, with costs to the State Industrial Board.