Samuel M. Gold, J.
This proceeding, pursuant to article 78 of the Civil Practice Act, is brought by a number of persons employed by the Supreme Court, First Judicial Department, against the State Civil Service Commission and the Temporary Health Insurance Board of the State of New York. Petitioners seek an order annulling the refusal of respondents to permit them to participate in the Health Insurance Plan adopted for State employees pursuant to chapter 461 of the Laws of 1956, as amended by chapter 790 of the Laws of 1958.
The Legislature has provided that ‘ ‘ All persons in the service of the state, whether elected, appointed, or employed, who elect to participate in such health insurance plan shall be eligible to participate therein’’(Civil Service Law, § 163). Respondents’ brief expressly concedes that “ petitioners are engaged in the performance of a State function ’ ’ but contends that they are nevertheless not ‘ ‘ in the service of the state ’ ’ within the meaning of section 163 (supra). Respondents maintain that for the purposes of section 163 (supra) only those are “ in the service of the state ” whose salaries are paid out of the State treasury. They contend that health insurance benefits are similar to retirement benefits and workmen’s compensation benefits and point to the fact that petitioners are not eligible for membership in the New York State Employees’ Retirement System or for the workmen’s compensation benefits payable to State employees.
It is true that the salaries of petitioners are paid out of the city treasury. This circumstance does not, however, affect their status as ‘ ‘ persons in the service of the state ’ ’ within the mean *749 ing of section 163 (supra) in the absence of any indication of a legislative intention to exclude from the benefits of the State Health Insurance Plan those State employees whose salaries are paid by the city; In the case of retirement benefits and workmen’s compensation, the Legislature has found it necessary to make express statutory provision for the exclusion of State employees, whose salaries are paid by the city, from eligibility to join the State Retirement System and from workmen’s compensation benefits payable to State employees (Retirement and Social Security Law, § 40; Workmen’s Compensation Law, § 3, Group 16). Indeed, respondents’ brief admits that prior to the amendment of the Workmen’s Compensation Law, the courts had held that a person performing State functions was entitled to the workmen’s compensation benefits available to State employees, notwithstanding that his compensation was paid by another (Matter of Kelly v. Commissioner of Records, 255 App. Div. 743; 256 App. Div. 761; Matter of Baly v. Board of Educ., 254 App. Div. 914, affd. 279 N. Y. 743). No similar statement excluding State employees whose salaries are paid out of the city treasury, from the benefits of the State Health Insurance Plan, is in existence. The failure of the Legislature to provide for the exclusion of city-paid State employees from the benefit of the State Health Insurance Plan, as it has done in the case of retirement benefits and workmen’s compensation, must be deemed an indication that it did not intend any such exclusion as to health insurance.
The fact that petitioners may be entitled to participate in the health insurance plan provided by the City of New York for its employees is not sufficient, in itself, to deprive them of the right, if they so elect, to enroll in the State Health Insurance Plan instead.
The motion is granted and respondents are directed to permit petitioners to enroll in the State Health Insurance Plan.
Settle order.