In the Matter of the Claim of VALENTINE G. CHILK, Respondent, v. CITY OF NEW YORK, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, November 29, 1966.

*J. Lee Rankin, Corporation Counsel* (*Robert T. Hartmann* and *Seymour B. Quel* of counsel), for appellant.

*Louis J. Lefkowitz, Attorney-General* (*Henriette Frieder* and *Daniel Polansky* of counsel), for the Workmen's Compensation Board, respondent.

*Lawrence Marcus, Counsel to the Administrative Board of the Judicial Conference of the State of New York,* attorney for the Office of Probation for the Courts of New York City.

*Valentine G. Chilk,* claimant-respondent in person.

HERLIHY, J. P.  The claimant is a probation officer assigned to work on conciliation cases, interviewing the parties, and presenting cases before the Family Court.  Her salary is paid by the City of New York and, it is conceded that from July 9, 1954 to September 1, 1962, she was included in the Career and Salary Plan adopted by the City of New York.  On February 23, 1962 the City of New York granted coverage and protection under the Workmen's Compensation Law to all employees of the city who were included in the Career and Salary Plan.

On March 10, 1964, the claimant, while in the course of her employment, injured her back as the result of a fall. On April 24, 1964, she filed a claim against the City of New York for compensation by reason of said injury.

The City of New York contends that the claimant is not engaged in hazardous employment and was not included in the Career and Salary Plan and is, therefore, not entitled to benefits. The city urges that, by reason of the adoption of article VI of the Constitution of the State of New York, and the enactment of article 7-A of the Judiciary Law effective September 1, 1962 which provided respectively for a unified court system and the administration thereof, the claimant, who is conceded by the appellant to be an employee of the City of New York for workmen's compensation purposes, was no longer in the Career and Salary Plan since subdivision 3 of article IV of the plan provides that the plan does not apply to any position where the salary is fixed or appointments are made by any agency, board or public authority other than the Board of Estimate unless such agency, board or authority shall elect to comply with the provisions, terms and conditions of the resolution establishing the plan.

The board has found that the city is the employer of the claimant under group 16 of subdivision 1 of section 3 of the Workmen's Compensation Law and the city in its brief upon this appeal affirmatively accepts this finding.

Subdivision 1 of section 3 of the Workmen's Compensation Law provides in part as follows:

"§ 3. Application. 1. Hazardous employments. Compensation shall be payable for injuries or death incurred by employees in the following employment: * * *

" Group 16. Any employment by the state, including the employment of all elected and appointed public officers, notwithstanding the definition of the terms employment, employer or employee, in subdivision three, four and five of section two of this chapter; but work as a civil defense volunteer under the provisions of the state defense emergency act shall not be deemed employment by the state. *An employee engaged in any employment herein whose wages are paid by a municipal corporation or other subdivision of the state* or by an employer other than the state *shall be deemed an employee of such municipal corporation or other political subdivision of the state* or such employer other than the state *for the purposes of this chapter.* (Emphasis added.) (Emphasized portions added by L. 1939, ch. 732.)

"Group 17. Any employment carried on by a municipal corporation or other subdivision of the state and enumerated in the foregoing groups one to fourteen, inclusive * * *

"Group 19. * * *

"Any municipal corporation or other political subdivision of the state may bring its employees or officers, elective or appointed or otherwise, not enumerated in section three, subdivision one, groups one to seventeen inclusive, of this chapter within the coverage of this chapter by appropriate action".

In view of the fact that the city has argued throughout this case that the claimant is an employee of the State and not of the city and has raised no question here as to the finding that claimant comes within group 16 of subdivision 1 of section 3 of the Workmen's Compensation Law, the first issue here is whether or not the city must provide coverage for those employees who come within this group 16.

The first sentence in group 16 provides that all employees of the State are in a hazardous employment with the exception of civil defense volunteers. In 1938 this court in the case of *Matter of Daly* v. *Board of Elections of City of N. Y.* (254 App. Div. 914, affd. 279 N. Y. 743) held that the said first sentence required the State to provide coverage for all such employees, no matter who (City of New York) paid their wages or exercised control over them. Again in *Matter of Cunningham* v. *Department of State* (255 App. Div. 729) this court held that the State was responsible for compensation to such employees no matter who paid the wages of the employee.

By chapter 732 of the Laws of 1939 this group 16 was amended by adding thereto so much of the second italicized sentence set forth above so that as to State employment the employees are deemed employees of the municipal corporation when the wages are paid by such corporation. The official report of this amendment in the Laws of 1939 is supplemented by a notation that this amendment was made to overcome the holdings in the case of *Matter of Daley* v. *State of New York* (*supra*) and *Matter of Cunningham* v. *Department of State* (*supra*). The notation says further: "This amendment does not affect the right of these employees to compensation but places the burden of payment thereof upon the employer who hires, controls and pays the employee."

Thereafter and in 1941, the group 19 set forth above was amended by adding thereto that part quoted above. In this group we find that a municipal corporation may elect to provide coverage for those not covered in *groups 1 to 17* inclusive. The

fact that the right of election is not included for those deemed employees of a municipal corporation under group 16 indicates · that they were considered as entitled to compensation under group 16.

Group 17 does not purport to cover those in group 16 because it relates only to those who are in an *employment* carried on by a municipal corporation or other political subdivision of the State whereas group 16 relates to *employment* by the State. It is further significant that in group 16 it does not provide that the payment of wages deems an employee to be within the *employment* of a municipal corporation, but rather that this deems an employee to be the employee of the municipal corporation.

The above-quoted groups of subdivision 1 of section 3 of the Workmen's Compensation Law provide that in this case the employee was entitled to compensation coverage and that the city is responsible for such coverage. If there should be any doubt as to the responsibility of the city under group 16, the notation to chapter 732 of the Laws of 1939 shows the intention of the Legislature to merely shift responsibility for the coverage to the appropriate political subdivision of the State.

It is further contended that the claimant was not engaged in a hazardous employment. The board has found that the claimant was engaged in " hazardous employment ". This finding is not necessary if intended to be a finding of hazardous in the ordinary sense of the word and as used in subdivision 4 of section 2 of the Workmen's Compensation Law. Such a finding would be erroneous if intended to apply to the employment in the present case as not being within subdivision 1 of section 2 of the Workmen's Compensation Law. (Cf. *Matter of Gramlich* v. *Board of Educ. of City of N. Y.*, 297 N. Y. 349; *Matter of Carpenter* v. *City of New York*, 284 App. Div. 467.) In regard to " hazardous employment " and group 16 of subdivision 1 of section 3 of the Workmen's Compensation Law we find that as amended by chapter 615 of the Laws of 1922, this group specified coverage for certain State employments which on their face would come within the general understanding of the term " hazardous employment ". Two years later, chapter 658 of the Laws of 1924 amended this particular group by striking any reference to specific employment by the State and substituted coverage for " any employment by the state " and specifically disregarded the definition of " employment ", " employer " or " employee " in section 2 of the Workmen's Compensation Law. This basic group coverage has remained the same since 1924 with only one exception having been incorporated by amendment

(L. 1951, ch. 788.) It may be that since subdivision 1 of section 3 purports to set forth " hazardous employment " the broad coverage of group 16 makes " hazardous employment " a misnomer, but in any event this finding by the board was not necessary for coverage in the present decision.

A further ground for affirming the said decision would be that the employee had been voluntarily covered by the city and that the city had not terminated such coverage as of the date of the accident and that the employee had not been removed from such coverage as a matter of law by enactment of article 7-A of the Judiciary Law effective September 1, 1962. (Cf. *Matter of Eisner* v. *City of New York*, 26 A D 2d 418 [decided herewith].)

We do not find in section 938-a of the Code of Criminal Procedure any provisions thereof contrary to our decision herein.

The decision should be affirmed.

REYNOLDS and STALEY, JR., JJ., concur; TAYLOR and AULISI, JJ., not voting.

Decision affirmed, with costs to the Workmen's Compensation Board.