Aaron D. Maslow, Esq. Counsel, Board of Elections in the City of New York
You have asked whether the Board of Elections in the City of New York (the "Board") is a State agency.
In our review of relevant authorities, we have not discovered a definition of general applicability of the term "State agency", although the term is defined in a few instances for purposes of particular statutes, and of no particular relevance to your inquiry (see, for instance, Public Officers Law, §§ 73[1][g], 73-a[1][b], and 74[1]; Executive Law, § 950[5]).
Our review indicates that the Board is a local agency.
The Board is established pursuant to Article 3 of the Election Law. It is instructive to note that the New York State Board of Elections (the "State Board") and the Board are established pursuant to separate titles in Article 3. The State Board is established under "Title I — Statewide Provisions", while the Board and county boards of elections are established under "Title II — Board of Elections". The State Board is created "within the [E]xecutive [D]epartment" and the commissioners thereof are appointed by the Governor (Election Law, § 3-100[1]). By express statutory provision, the State Board is designated a "State agency" for purposes of Public Officers Law, §§ 73 and 74 (Election Law, § 3-100[3]).
By contrast the Board is created for the counties within New York City pursuant to the same subdivision which establishes boards of elections for each county of the State:
 "There shall be a board of elections in each county of the state and in the city of New York for the five counties thereof" (Election Law, § 3-200[1]).
The Board is comprised of ten commissioners appointed on a county-by-county basis, two from each of the counties within New York City (Election Law, § 3-200[3]). The commissioners of the Board must be registered voters in the county for which they are appointed and are appointed by the city council of New York City upon recommendation of the party committees for each of the five counties (Election Law, §3-200[3] and 3-204[4]).
The Election Law does not contain provisions, parallel to those discussed above with respect to the State Board, describing the county boards or Board as within the Executive Department of the State or as "State agencies" for purposes of Public Officers Law, §§ 73 and 74.
The local boards and the Board perform functions within local municipal jurisdictions. The Board is required to maintain headquarters within Manhattan and offices in each of the boroughs within New York City (Election Law, § 3-214[1]). The Board designates polling places in New York City (Election Law, § 4-104[1]), determines the candidates and questions which shall appear on the ballot within its jurisdiction (Election Law § 4-114), publishes in local newspapers information concerning registration and voting (Election Law, §§ 4-119[1],4-120[3] and 4-124), and provides voting supplies and equipment for use within its jurisdiction (Election Law, §§ 4-128[1], 4-132 and4-134[1]).
Expenses of the Board are a charge against New York City (Election Law, § 4-136[3]), and various procurements of the Board are required to be made for it by the purchasing department or agency of New York City (Election Law, § 4-136[4]). While the Board is empowered to appoint employees, fix their number and establish their salaries, it does so "within the amounts appropriated therefor by the local legislative body" (Election Law, § 3-300).
In sum, the Board is comprised of local residents appointed by local elected officials, is financed by local government, and performs its functions within a local jurisdiction.
It has been held that employees of the county boards of elections are county employees (1957 Op Atty Gen [Inf] 48).
In People ex rel. Werner v Pendergast, 206 N.Y. 405 (1912), the Court of Appeals considered whether the Board is "in the state service or municipal service" and determined that the Board is in municipal service (People exrel. Werner, at 407, 409). The discussion is instructive:
 "The appointments [of commissioners and employees of the Board] are made under a general statute relating to the entire state, and the officials are not only charged with duties concerning municipal elections but also concerning general elections which directly affect and interest the people of the entire state, and to this extent it might be said that they are in the service of the state.
 "On the other hand, they are undoubtedly local rather than state officers under the definition of the Public Officers Law (Cons. Laws, ch. 47), which (§ 2), after enumerating certain officials, not involved here, in general terms, defines as a state officer one who is `appointed by one or more state officers, or by the legislature, and authorized to exercise his official functions throughout the entire state, or without limitation to any political subdivision of the state,' and defines as a local officer `[e]very other officer who is elected by the electors of a portion only of the state, every officer of a political subdivision or municipal corporation of the state, and every officer limited in the execution of his official functions to a portion only of the state'.
 "In addition to being appointed by the local authorities, these commissioners must be residents of the municipality, the exercise of their authority is confined within its limits and their salaries and expenses are a municipal charge.
 "These facts strongly support the appellant's contention that the positions are within the municipal service rather than that of the state.
 "Under these circumstances, if we should regard the question as susceptible of a contrary decision, it seems better as a matter of policy to apply considerations of analogy and to hold that for the purposes of the question before us this board like other similar ones is a local rather than a state board" (People ex rel. Werner, at 408-409).
The Court goes on to discuss the status of municipal police, health and education departments. The Court concludes that while the discharge of duties by these municipal departments vitally affects the general public and are rendered under a general law of the State, these departments are in municipal rather than State service because they perform their services within municipal territories and are appointed by municipal authorities.
The weight of the foregoing authorities indicates that the Board is a local agency.*
* We note that three opinions of this office (1934 Op Atty Gen 525, 1934 Op Atty Gen 526, 1935 Op Atty Gen 430) describe the Board as a State board, in reliance upon Matter of Reynolds, 202 N.Y. 430, 441 (1911);Schieffelin v Komfort, 212 N.Y. 520, 528 (1914). Reliance on these two cases was misplaced in that neither reaches the question of the Board's status as a State or local agency. In these cases, the Court considered whether certain statutes authorized taxpayer actions against the Board. While finding that actions were not authorized, the Court in each case stated that the members of the Board are local officers (Reynolds, at 441; Schieffelin, at 528).