CELIA ROSENHOLZ, Appellant, *v.* FRANK G. SHATTUCK Co., Respondent.

(Supreme Court, Appellate Term, First Department, May Term— Filed June, 1920.)

Negligence — action for personal injuries — failure to properly maintain and guard a sidewalk elevator — verdict.

> Plaintiff, about to enter defendant's premises, stepped upon a closed door covering a sidewalk elevator and was injured by reason of the door being suddenly raised. The elevator was being used and operated by an employee of a company delivering goods to the defendant. There was no warning or signal of any kind given before the door was raised. *Held,* that it was a question for the jury as to whether the defendant was negligent in failing to properly maintain and guard its elevator so as to permit a stranger to enter upon and operate it, and whether defendant had performed its duty in regard thereto so as to afford reasonable protection to travelers upon the highway.

> As the injury could not have occurred without the concurring negligence of the defendant and the employee of the company delivering goods to the defendant the negligence of each was an efficient and proximate cause which rendered both liable jointly and severally and a judgment for defendant upon a directed verdict will be reversed and a new trial ordered.

APPEAL by plaintiff from a judgment of the Municipal Court of the city of New York, borough of Manhattan, seventh district, in favor of defendant, upon the direction of a verdict by the court.

, Moses A. Sachs, for appellant.

Bertrand L. Pettigrew (Walter L. Glenney, of counsel), for respondent.

WAGNER, J.   Plaintiff sued to recover damages for personal injuries sustained by her by reason of the alleged negligence of the defendant who conducted a restaurant at premises 20 West Thirty-eighth street, borough of Manhattan, New York city. While walking on the south side of Thirty-eighth street and about to enter the defendant's restaurant, where she had an appointment to meet a friend, the plaintiff stepped upon a closed door covering a sidewalk elevator, which simultaneously and without warning or signal of any kind was suddenly raised, causing her to fall and be injured.   This elevator was immediately in front of the defendant's show window, directly to the right of and adjoining the entrance way to the building and ran from the basement of defendant's building to the sidewalk.   The building in its entirety was occupied by the defendant, the elevator constructed by defendant pursuant to a license from the municipal authorities, and maintained and used for the purpose of delivery of food supplies for use in the restaurant which defendant there conducted.   It is undisputed, in fact conceded by the defendant, that the cause of the elevator door being raised was the operation thereof beneath by an employee of the Metropolitan Hotel Supply Company, who at the time was delivering certain boxes of fowl to defendant's place of business, which the latter had purchased.   It appears by the testimony of this employee

Appellate Term, First Department, June, 1920.    [Vol. 112.

that when he drove up in front of the restaurant, not finding any one upon the sidewalk to receive the goods in defendant's behalf, he entered the premises and proceeded to the basement to inform defendant of the arrival of the supplies. Upon failing to discover anybody in the basement to operate the elevator in question, he started it of his own initiative, resulting in the accident above described.

At the conclusion of the evidence the learned trial justice directed a verdict for the defendant dismissing the plaintiff's complaint upon the ground that while unquestionably the accident had happened through the raising of the elevator door, it was the unauthorized act of a third party for which the defendant was not responsible. This view we think was erroneous. The defendant constructed, maintained and had charge of the elevator in question. It was upon a public highway where numbers of people at the time of the accident were passing. It was in front of the defendant's establishment which alone was patronized by throngs each day. The license to construct merely made legal what would otherwise have been illegal and a nuisance. In obtaining such right the defendant acquired a privilege with its consequent duty and burden. The privilege was to construct the elevator; the duty was to maintain it properly guarded and to afford safe and proper means for its operation. *Downey* v. *Low*, 22 App. Div. 460.

The evidence shows that no warning or signal by bell or otherwise was given to indicate that the elevator was to be raised. There was no provision made by the defendant, so far as the evidence discloses, for any of its employees to operate the same from the basement at the time the mishap occurred. The nature of the defendant's business, with its constant necessity for delivery of foodstuffs and supplies, demanded the fre-

quent use of the elevator, and its position upon the sidewalk frequented by throngs of passers-by was notice that its operation was fraught with continual danger unless properly and fully guarded and maintained. The plaintiff had full right to rely upon and assume that it was so properly operated and guarded that she could walk across its closed doors with safety in order to enter defendant's place of business as her intention was. Under such circumstances we think it was for the jury to decide as to whether the defendant was negligent in failing to properly maintain and guard its elevator so as to permit a stranger to enter upon and operate it, and whether defendant had performed its duty in regard thereto so as to afford reasonable protection to travelers upon the highway.

A similar claim of the intervention of acts of a third party was made in *Haywood* v. *New York C. & H. R. R. R. Co.*, 35 N. Y. St. Repr. 748; affd., 128 N. Y. 596, where one of the gates guarding defendant's railroad tracks at a crossing had been raised by an outsider, whereby plaintiff entered and was struck by an oncoming train. The court, in affirming the judgment for plaintiff, said: " Negligence in the management of the gates may consist as well in allowing a stranger to open them as in the negligent operating of them by the company's agent. And I think it is for the jury to say whether, upon the evidence in this case, the defendant negligently permitted the gates which were placed there as a warning and safeguard to the public to be opened, either by its own employee or a stranger and remain open so as to allow a traveler to pass through. The duty of operating the gates in such a manner as to afford reasonable protection to a traveler upon a highway who is reasonably careful himself, rests with the railroad company, and when the gate is opened and the traveler passes through upon the track and is

Appellate Term, First Department, June, 1920.    [Vol. 112.

injured, it is a question of fact for the jury to determine whether. or not allowing the gate to be opened, whether opened by defendant or a stranger, is negligence on the part of the company."

It is contended, however, that assuming the defendant to have been negligent, its wrongful act was not the proximate cause of the accident. The answer to this proposition lies in the fact that as the injury could not have occurred without the concurring negligence of the two parties concerned, namely, the defendant and the driver for the supply company, the negligence of each was an efficient and proximate cause which rendered both liable jointly and severally for the natural result. As long as the result was a reasonable probability, it is well established that an act of concurrent negligence is not an intervening cause within the legal meaning of that term. If the defendant acting in a reasonably prudent manner should have foreseen that such an accident is likely to occur, with no one provided by it to operate and guard the elevator, there is no reason why any negligence on its part should be excused by the fact that another was also negligent at the same time. Whether or not a public sidewalk in a crowded city was turned from a place of safety to a place of danger by the joint acts of two persons was a question we think that should have been submitted to the jury for its determination. *Ring* v. *City of Cohoes,* 77 N. Y. 83; *Kunz* v. *City of Troy,* 104 id. 344; *Cohen* v. *City of New York,* 113 id. 513.

Judgment reversed and new trial ordered, with thirty dollars costs to appellant to abide event.

Mullan, J., dissenting.

Judgment reversed and new trial ordered, with thirty dollars costs to appellant to abide event.