MARY HOLLMAN, Plaintiff, Respondent, *v.* KAYELL REALTY COMPANY, Defendant, Appellant.

Supreme Court, Appellate Term, First Department, February Term — Filed April, 1923.

**Negligence — landlord and tenant — fall on stairway leading to cellar — when landlord not liable for injuries.**

While the tenant of a store, having the exclusive use of the cellar underneath, was descending the stairway leading to the cellar to obtain merchandise for a customer she tripped on a broken step, fell down the remaining steps and was

injured. *Held*, that in the absence of proof that the landlord was obligated to repair the stairway which was not used in common by other tenants, the tenant was not entitled to recover damages from the landlord and a judgment in plaintiff's favor will be reversed, with costs, and the complaint dismissed upon the merits, with costs.

APPEAL by defendant from a judgment in favor of plaintiff, entered in the Municipal Court of the city of New York, borough of Manhattan, first district, after a trial before the court and a jury.

*Bertrand L. Pettigrew* (*Laurence C. Stryker*, of counsel), for appellant.

*Sanders, Zelenko & Polstein* (*Jacob Zelenko*, of counsel), for respondent.

LYDON, J. This action was brought to recover damages for personal injuries. Plaintiff is a tenant of the defendant, and occupies a store with living rooms in the rear thereof, and also a part of a cellar underneath the store. The cellar is used by the tenant for the storage of merchandise in connection with her store. The plaintiff had exclusive use of the cellar and the only entrance to same was by the stairs leading from the street, and this stairway was not used in common by other tenants. It appears that the plaintiff on the morning of February 5, 1921, at about a quarter past six o'clock while descending the said stairs to obtain some merchandise for a customer in the store, tripped upon the fourth step, which was broken, and fell down the remaining steps, sustaining injuries for which she seeks to recover damages. Upon the trial the case was submitted to the jury upon the theory that the landlord had control of this stairway leading to the cellar, and that if he failed to repair the defect after notice, actual or constructive, he would be liable to the plaintiff in damages. The defendant offered no testimony, and duly moved to dismiss at the end of the case.

In the absence of a specific agreement or promise to keep this stairway in repair, I cannot see on what theory the landlord can be held liable for injuries resulting from a fall because part of the stairway was out of repair and in a defective condition. The plaintiff was in exclusive possession and control of the store and the cellar underneath the store, as well as the stairway which led down to the cellar. This stairway was not, in any sense, a stairway that was used in common by all the tenants, there being a separate entrance on the other side of the building to the cellar which the other tenants used in common.

The facts in this case bring it directly within the rule laid down in *Kane* v. *Williams*, 140 App. Div. 857, and *Auerbach* v. *Rabiner*,

165 N. Y. Supp. 428. The respondent urges that even if it be contended that the defendant did not have control of this stairway, the premises being concededly a tenement house, the landlord was liable to plaintiff in any event. To support this contention the respondent cites the case of *Altz* v. *Lieberson*, 233 N. Y. 16. In that case the plaintiff, a tenant in defendant's apartment house, was injured, while in her room, by a falling ceiling, which the defendant, after timely notice of the danger, had omitted to repair. The plaintiff recovered a verdict against the landlord, and the court held that as the Tenement House Law provided, " Every tenement house and all the parts thereof shall be kept in good repair," the obligation of the landlord to repair was not confined to those parts of the house which were used or enjoyed in common by the tenants, but included those parts of the building which were demised. But the court also held that " the defect itself must be one that has relation to the maintenance of the building as a tenantable habitation," and that " This limitation results by implication from the context of the section, which forms part of an article entitled ' sanitary provisions.' " I do not think the *Altz* case is helpful to the plaintiff herein. It is quite clear to my mind that the obligation of a landlord of a tenement house, requiring him to make repairs in the demised premises as provided in the Tenement House Law, has to do with those parts used for dwelling purposes only, and has no application to those portions used for stores and business purposes.

The plaintiff in this case having failed to establish that the landlord was obligated to repair the stairway leading to the cellar in question, was not entitled to recover, and the judgment must be reversed, with thirty dollars costs, and the complaint dismissed on the merits, with costs.

LEHMAN and BURR, JJ., concur.

Judgment reversed.