RAY SCHWEIZER, Appellant, *v.* FRANK B. WILLARD and Others, Copartners Doing Business under the Trade Name of HARTFORD LUNCH COMPANY, Respondents.

First Department, October 31, 1924.

Negligence — action against lessees to recover damages for injuries suffered when plaintiff fell into doorway in sidewalk as doors were being opened — doors were opened by employees of company having supervision of building — lessees knew that doors were to be opened — lessees are liable.

The lessees of the ground floor and basement of a building are liable for injuries suffered by a pedestrian who, while passing the building, fell into the doorway leading to the basement of the building from the sidewalk, while the doors were being opened by the employees of a company which had general supervision of the building, where it appears that the lessees had knowledge that the doors were about to be opened and failed to guard or protect the opening so as to prevent an injury to a pedestrian on the street.

APPEAL by the plaintiff, Ray Schweizer, from a determination and order of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of New York on the 15th day of January, 1924, reversing a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Seventh District, in favor of the plaintiff, rendered upon a verdict for $500.

*Emanuel S. Cahn,* for the appellant.

*William A. Earl* [*Gustav A. Rehder* of counsel], for the respondents.

McAVOY, J.:

The defendants were held liable at the trial for the negligent manner in which the cellar door on a level with the sidewalk in front of their premises was opened, whereby injury was caused to the plaintiff, who was walking on the highway on February 14, 1923, at about three-thirty P. M. The cellar door in question opens in front of the premises 612 West One Hundred and Eighty-first street in the city of New York, borough of Manhattan, the ground floor and basement of which are leased by the defendants.

At the time the accident causing the injury occurred, the cellar door was being opened by a person who was not employed by, or under the control of, the defendants, but who was employed by

the Supervision Company, which is a company which owns, inspects and reads all the meters on the premises, and is responsible for the care and maintenance of the building occupied by the defendants.

The sidewalk in front of the premises where the accident occurred, as appears from the evidence, was about twenty feet wide and the cellar doors on a level with this sidewalk extended from the building line out about one-fourth of the width of the sidewalk. The cellar doors were made up of two doors with hinges on each side, which opened up in the center, the length of the doors running crosswise to the sidewalk. Plaintiff was walking west on One Hundred and Eighty-first street and stepped into the opening while the servant in the employ and under the control of the Supervision Company was in the act of opening the door in front of the premises No. 612 West One Hundred and Eighty-first street.

The Appellate Term reversed the judgment on the ground that there was no actionable negligence shown in the proof. We are unable to concur in such a ruling. The condition complained of was one attributable to the lessees who were in charge of the cellar. The Supervision Company's employee was not alone responsible for the happening of the accident; besides his obligation to use due care, a duty devolves on the owner or lessee who maintains an opening in the highway, such as a coal hole or cellarway with doors or gratings even with the public way, to keep the highway safe for pedestrians who themselves are in the exercise of ordinary care. Certainly it was the duty of the lessee, when the Supervision Company's employee told its manager that he intended to go into the cellar and would open the doors on the street level, to so guard or protect the opening about to be made as to prevent an injury to a pedestrian on the highway who was proceeding without neglect of her own safety.

The doctrine announced in the cause of *Jennings* v. *Van Schaick* (108 N. Y. 530) seems a complete authority for this duty of the owner.

The verdict is not excessive and the other issues of the cause rested on the jury risk of belief in the plaintiff's testimony. We find no error in the conduct of the trial, and believe that the judgment of the trial court was right.

The determination should be reversed, with costs to the appellant in this court and in the Appellate Term, and the judgment of the Municipal Court reinstated and affirmed.

CLARKE, P. J., MERRELL, FINCH and MARTIN, JJ., concur.

Determination reversed, with costs in this court and in the Appellate Term, and judgment of the Municipal Court reinstated and affirmed.