JACOB STICKER, Respondent, v. SERIL REALTY CORPORATION, Appellant.— Judgment reversed upon the law and the facts, with costs, and complaint dismissed, with costs. The most favorable inference from the facts in favor of the plaintiff is that the apartment occupied by him consisted of a store and a dwelling room. Plaintiff was injured by the falling of the plaster from the ceiling in the store. The common-law rule that there was no duty resting on the landlord to repair the room demised as a store is not changed by the Tenement House Law, even though the apartment used for business purposes was in a tenement house. (*Marks* v. *Nambil Realty Co., Inc.,* 245 N. Y. 256.) *Altz* v. *Leiberson* (233 id. 16) and *Eckert* v. *Reichardt* (243 id. 72) are not authority for a contrary holding. Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ., concur.

AMELIA TOBEN, Respondent, v. HARRY TOBEN, Appellant.— Judgment reversed upon the law and the facts, without costs, and judgment directed in favor of defendant, without costs. We are of opinion that plaintiff failed to show facts sufficient to entitle her to a decree of separation against defendant, and that it must be held upon this record that she left defendant without sufficient cause. Findings of fact and conclusions of law contrary to this decision are reversed and new findings will be made in accordance herewith. Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ., concur. Settle order on notice.

EVERITT T. VAN HOUTEN, Respondent, v. JAMES C. DANZILO and GREENLAWN BUILDING CO., INC., Appellants, and SVEA P. DANZILO, Defendant.— Judgment and order of official referee unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Scudder, JJ.

WALTER A. WARD, Appellant, v. TRAUTS REALTY CORPORATION and JOURNAL OF COMMERCE, Respondents.— Judgments in favor of the defendants, dismissing the complaint, reversed upon the law and the facts and a new trial granted, costs to abide the event. The evidence presented a question of fact as ·to whether or not either the defendant tenant and the defendant owner had joint control, or one or the other had exclusive control, of the sidewalk elevator and the stanchion and cable used in connection therewith. A question of fact existed as to whether or not the defendant or defendants, found thus to be responsible for the maintenance and operation of the sidewalk elevator and the stanchion and cable in question, had exercised reasonable care in the use made of the stanchion and cable, either as a result of leaving it in a position of danger when the sidewalk elevator was not in use, or in leaving it in a position that made it accessible to third parties so as to be placed by them in a position of danger to a pedestrian unaware of its presence upon the highway when the sidewalk elevator was not in use. (*Haywood* v. *N. Y. C. & H. R. R. R. Co.,* 35 N. Y. St. Repr. 748; affd., 128 N. Y. 596; *Rosenholz* v. *Shattuck Co.,* 112 Misc. 468; *Trustees of Canandaigua* v. *Foster,* 156 N. Y. 354; *Jennings* v. *Van Schaick,* 108 id. 530; *Schweizer* v. *Willard,* 210 App. Div. 480.) Whether or not plaintiff was guilty of negligence was a question of fact. Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ., concur.