Arthur Wachtel, J.
This is a nonpayment proceeding. The tenant interposes as a counterclaim the cost of repair of the ceiling. The alleged defect is “ seepage and flaking ” covering an area of approximately 14 inches by 16 inches.
The demised premises is a store used as a real estate office which is located in a multiple dwelling but constituting a self-contained unit. Its roof is not part of the multiple dwelling. There are no apartments above it and there is no proof of any relation between the maintenance of the roof and the rest of the building occupied by the other residential tenants. It is within the sole possession and control of the tenant, as much as the walls and floor which form the physical area of the store premises.
The lease provides that the tenant shall, at the tenant’s own cost and expense, make all repairs 1 ‘ in and about said demised premises except structural repairs and those resulting from water leaking from apartments directly above the demised premises.”
As above-stated, there are no apartments directly above the demised premises and so the last portion of paragraph 2 is inapplicable.
The tenant’s attorney in his letter dated July 28, 1965, submitted in lieu of a memorandum of law, relies on section 78 of the Multiple Dwelling Law which provides that ‘ ‘ Every multiple dwelling, including its roof or roofs, and every part thereof * * * shall be kept in good repair”, and cites in support Sticker v. Seril Realty Corp. (256 N. Y. 687, revg. 232 App. Div. 768) and Sayet v. 164 Walton Ave. Corp. (36 N. Y. S. 2d 15).
The tenant’s attorney uses these authorities for the proposition that in absence of a contrary provision in the lease, the *761 landlord has the duty to keep in good repair every part of a store which is part .of a multiple dwelling. This is so if the part of the store is in fact part of the multiple dwelling. For it is only in this factual context that we can safely apply the holding of Sticker v. Seril Realty Corp.
In the Sticker case plaintiff rented a room in a tenement house. It was divided by a partition in the front part of which he conducted his business and the rear of which he used as a dwelling. He was injured by the falling of the plaster from the ceiling in the part used for business. The Appellate Division (232 App. Div. 768) held that the common law that there was no duty resting on the landlord to repair the room demised as a store was not changed by the Tenement House Law. The Court of Appeals reversed, holding that it was, on the authority of Altz v. Leiberson (233 N. Y. 16). It is true that Judge Cardozo in Altz v. Leiberson did stress the language of the Tenement House Law referring to ‘ ‘ all parts ’ ’ of the building occupied by tenants who need the help of this legislation to place upon the landlord the duty to keep tenement buildings in repair, and this was the basis for the Sticker decision. However, it is also true that in Sticker the business portion and the dwelling portion were both part of the demised premises, and part of the multiple dwelling. The defective ceiling in the business portion of the tenant’s room may well affect other adjoining areas of the multiple dwelling occupied by other tenants. As Judge Cabdozo carefully pointed out (p. 18): “No doubt the defect itself must be one that has relation to the maintenance of the building as a tenantable habitation. This limitation results by implication from the context of the section, which forms part of an article entitled 1 sanitary provisions. ’ The meaning is that the premises shall not be suffered to fall into decay. The duty to prevent this, which, in part at least, once rested upon the tenant, is now cast upon another.” Similarly, section 78 of the Multiple Dwelling Law forms part of title 3 entitled “ Sanitation and Health.”
It was on this basis that the Appellate Term, First Department, held in Hollman v. Kayell Realty Co. (120 Misc. 546) that the landlord was not obligated by the Tenement House Law to keep in repair a stairway to a cellar used by a tenant for storage of merchandise in connection with his store, where the stairway and the cellar were wholly within the tenant’s control and not used in common by the other tenants. Judge Lydon stated that this obligation of a landlord of a tenement house has to do with those parts used for dwelling purposes only, and has no application to those portions used for stores and business *762 purposes. Judge Schackbo pointed out that this statement is not the law, and is overruled by the Sticker ease. (Sayet v. 164 Walton Ave. Corp., 36 N. Y. S. 2d 15, 16, supra.) However, the facts of the Hollmm case justify the decision on the basis of Judge Cardozo’s rationale. See, also, Schauf v. City of New York (23 Misc 2d 585, 586) where a railing in a portion of premises used for registration purposes was involved.
So, in the case at bar, the “ seepage and flaking ” of the ceiling of the store over which there are no apartments are not related to the maintenance of the building as a tenantable habitation for the health and safety of the other tenants of the building, and so the claimed defect is not within the purview of the landlord’s duty to repair.
By the tenant’s own testimony the repairs necessary are not of such extraordinary and vital a character as to constitute “ structural repairs ” which would come within the landlord’s duty of repair. (Cf. La Borde v. Bowen, 103 N. Y. S. 2d 44.)
Analogous is the case of a one-story extension to a building where the roof has no relation to the rest of the multiple dwelling occupied by the other tenants, and exists for no other purpose than as an inclosure for the store premises. In such a case the roof is as much a part of the demised premises as the side and end walls which complete the inclosure. It has no purpose to protect the tenants of the building, nor has it any relation to their health and safety. In the absence of any reservations of control or express covenant to repair the roof by the landlord, it had no duty at common law to do so (Lichtig v. Poundt, 23 Misc. 632) nor by virtue of the Multiple Dwelling Law. (See Kosior v. Pomrinse, 249 App. Div. 196.)
Accordingly, judgment for landlord. Counterclaim dismissed.