MARGARET T. O'BRIEN, Appellant, *v.* THE CITY OF SARATOGA SPRINGS, N. Y., Respondent.*

Third Department, June 22, 1928.

*Affg. 131 Misc. 728.

*John W. Nichols*, for the appellant.

*Butler, Kilmer, Hoey & Butler* [*Carleton J. King* of counsel], for the respondent.

VAN KIRK, P. J. Defendant's motion for judgment on the pleadings under rule 112 of the Rules of Civil Practice was granted and the complaint dismissed. The plaintiff appeals.

In the complaint it is alleged: On October 14, 1927, at about ten-thirty A. M., plaintiff went to the polling place designated in the city of Saratoga Springs for her to register for the general election in the fall of 1927; while there she tripped over a rope, with which a dog belonging to an inspector was tied to the leg of a table, which was being used by the inspectors, and sustained the injuries complained of; defendant had provided and designated a barn as the polling place; at the time of the injury to plaintiff this barn was in the custody and control of the defendant; these injuries were caused by the negligence of defendant in failing to furnish a reasonably safe place for registration and failing to keep it safe. The defense, raised by denials, is that the inspectors of elections, in whose control the polling place was, were agents of the State and not of the city.

The Legislature, acting for the sovereign, provides the election machinery for exercising the privilege of voting. Registration of voters is required by the State and is a part of the election procedure. The Legislature (Election Law, §§ 64–66, as amd. by Laws of 1923, chap. 808; Charter of the City of Saratoga Springs [Laws of 1916, chap. 229], § 6) fixes the number of polling places within the various election districts, and provides the machinery whereby the location thereof is annually fixed by the city council. In Saratoga county, two commissioners of elections, who constitute the board of elections of the county, are appointed by the board of supervisors; upon their appointment the county clerk must immediately give notice thereof to the Secretary of State; a commissioner is removable by

the Governor for cause in the same manner as a sheriff. (Election Law, § 30, as amd. by Laws of 1927, chap. 573.) These commissioners are recommended for appointment, not by the city, but by the respective chairmen of the county committees of each of the two political parties which at the last general election cast the highest and the next highest number of votes for Governor. (§ 31.) Four inspectors of election, equally divided between the two leading political parties, are appointed in each election district outside the city of New York. (§ 40.) In the city of Saratoga Springs they are appointed by the mayor (§ 41), upon approval of the board of elections as to their qualifications. (§ 42.) The inspectors of election are required to hold, before every general election, four meetings for the registration of voters at the polling place designated therefor. (§ 153.) The inspectors and each of them shall preserve good order within and around the place of registration and " keep access thereto unobstructed." The board of inspectors, or any one of them, may direct the arrest of any person who refuses to obey a lawful command of the inspectors, or is guilty of disorderly conduct. (§ 160.)

It thus appears that the conduct and control of elections is solely a governmental function. The State delegates its power to officials of municipalities to perfect an organization for the conduct of elections and to designate the polling places, but all this is done under the authority of, and by representatives of, the State in order that the residents of each election district may exercise the franchise. (*People ex rel. Lardner* v. *Carson*, 155 N. Y. 491.) The municipality in no sense has the control of any part of an election.

The polling place where plaintiff was injured was under the sole control of the inspectors who were agents of the State performing a governmental function and in no sense agents for the defendant. As said in *Matter of Reynolds* (202 N. Y. 430, 441): " They [here the inspectors, there the city board of elections] did not act on behalf of the municipal corporation, but for the public in the control and direction of the machinery of the general elections of the State." And as therein further said: " No relation of principal and agent, or of master and servant, exists between them and the city." (See, also, *People ex rel. Werner* v. *Prendergast*, 206 N. Y. 405, 411.)

The judgment should be affirmed, with costs.

HINMAN, WHITMYER, HILL and HASBROUCK, JJ., concur.

Judgment affirmed, with costs.