Mary Indinali and Carmelo Indinali, Appellants, v. Morris Lerner and Another, Respondents.— In an action for damages due to the fall of plaintiff Mary Indinali down an outside stoop, claimed to have been caused by the absence of light in the vestibule and the absence of handrails on the stoop, judgment dismissing complaint on the merits unanimously affirmed, with costs. Section 35 of the Tenement House Law does not require handrails on an outside stoop leading into a multiple apartment house. (*Bleichman* v. *Levy*, 242 App. Div. 642; *Freewald* v. *1605 Nelson Ave., Inc.*, 236 id. 643.) The purpose of section 76 of the Tenement House Law is to require lighting in the vestibule entrance hall and public halls near the stairs in multiple apartment houses, so as to enforce interior illumination. Its purpose is not to require or enforce illumination of exterior steps or places. Hence the absence of a light in the vestibule adjacent to the stoop, leaving the stoop in darkness, as a claimed consequence of which plaintiff Mary Indinali fell, violated no duty that defendants owed to her. Present — Lazansky, P. J., Young, Carswell, Scudder and Johnston, JJ.

Anthony Iraggi, Appellant, v. Samuel Raymon and Another, Respondents.— Action by tenant against landlords to recover damages to personal property by reason of the defective condition of the demised premises. Defendants moved for summary judgment on the ground that in a summary proceeding in a Justice's Court in which the defendants in the present action sought to dispossess the plaintiff herein, and for a judgment for arrearages of rent, the plaintiff herein interposed a counterclaim for the same items of damage sued for in the present action, aggregating the sum of $1,018.03; when the justice of the peace erroneously refused to entertain jurisdiction of a counterclaim in excess of $200, the plaintiff herein offered no proof in support of his said counterclaim, and judgment was given in the landlords' (present defendants) favor for the possession of the premises and $100 rent. The Special Term granted defendants' motion for summary judgment on the ground that the judgment of the Justice's Court is a bar to the present action. Order of the County Court of Suffolk county reversed on the law, with ten dollars costs and disbursements, and defendants' motion denied, with ten dollars costs. The justice of the peace having refused to entertain jurisdiction of the plaintiff's counterclaim in the summary proceeding, and the plaintiff herein having offered no proof in support thereof, and the summary proceeding having proceeded to judgment solely upon the landlords' petition and proofs, we think that the counterclaim was, in effect, withdrawn, and that the plaintiff has a right to maintain this action to recover for the items of damage alleged in said counterclaim. Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ., concur.