MARGARET HUNTER, an Infant, by JAMES B. HUNTER, Her Guardian ad Litem, and JAMES B. HUNTER, Respondents, *v.* G. W. H. W. REALTY CO., INC., Defendant, Impleaded with MANDA REALTY CO., INC., Appellant.

First Department, May 1, 1936.

*Clarence S. Zipp* of counsel [*James B. Henney*, attorney], for the appellant.

*Bernard Braun* of counsel [*J. A. Gettenberg*, attorney], for the respondents.

TOWNLEY, J. This action was brought to recover damages for personal injuries claimed to have been sustained by the infant plaintiff through slipping on an exterior stairway used in common by two multiple dwellings. The wings of the adjacent houses abutted on the street and between them there was a recessed entrance consisting of five steps leading to a platform and five more steps leading to another platform at the entrance. It was claimed that the defendant-appellant had caused or permitted water to accumulate on the middle platform which made it slippery and dangerous to persons using it. The infant plaintiff slipped on the edge of the center platform and fell down the rest of the steps. This accident happened on the side of the stairway adjacent to the appellant's premises. There were no handrails along the walls of the building, which, with some ornamental coping at the street front, served as sides to the stairs.

The court in its charge read to the jury subdivision 6 of section 153 and the first sentence of section 154 of the Building Code of the City of New York. These relate to handrails on stairways in certain specified buildings. The matter read and the sections of the Building Code referred to are not applicable to multiple dwellings coming under the provisions of the Tenement House Law (Building Code, § 151). The court likewise read to the jury portions of section 238 of the Multiple Dwelling Law. This section refers to interior stairways. There is no section of the Multiple Dwelling Law which requires handrails on an outside stoop or stairs. (*Indinali* v. *Lerner*, 243 App. Div. 735; Multiple Dwelling Law, § 4, subd. 24.) Counsel on behalf of the appellant duly excepted to the portions of the charge referred to.

The submission to the jury of this erroneous basis for finding liability on the part of the defendant may well have affected the result, and the error is, therefore, material.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

MARTIN, P. J., MCAVOY, O'MALLEY and GLENNON, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.