HENRY SCHAAF, Appellant, v. ROCHESTER TRUST & SAFE DEPOSIT COMPANY, Respondent.— Judgment affirmed, without costs of this appeal to either party. Memorandum: Plaintiff claims that under the Tenement House Law there should have been a railing along the sidewalk on which he slipped and fell. Even if the premises be considered as a tenement house, a railing is not required along outside steps or walks. (*Indinali* v. *Lerner*, 243 App. Div. 735; *Hunter* v. *G. W. H. W. Realty Co., Inc.*, 247 id. 385.) As the entire premises at No. 29 Inwood Place had been leased to a tenant and the defendant did not retain control of any part thereof, the defendant is not liable for any injuries sustained upon such premises by plaintiff. (*Cullings* v. *Goetz*, 256 N. Y. 287; *Potter* v. *N. Y., O. & W. R. Co.*, 261 id. 489; *Elefante* v. *Pizitz*, 230 id. 567.) All concur. (The judgment dismisses the complaint in an action for damages for personal injuries sustained by reason of falling on an icy step.) Present — Crosby, P. J., Cunningham, Taylor, Harris and McCurn, JJ.

HAROLD P. GRAY, Respondent, v. T. N. BENEDICT MFG. Co., Appellant.— Judgment and order affirmed, with costs. Memorandum: Under the charge of the court, we think the verdict finds support in the evidence and is not against its weight. We have examined the rulings complained of by the appellant and find none of them of sufficient importance to warrant our interfering with the verdict of the jury. Under the proof the item for income taxes paid on the sale of the stock was not deductible. Under the concession made by the defendant on the trial, in substance, that the defendant's executive vice-president was empowered to make the contract as claimed by the plaintiff, the question of his authority to make such a contract is not before us. All concur, except Harris, J., who dissents and votes for reversal on the law and facts and for granting a new trial, unless the plaintiff stipulates to reduce the verdict to the sum of $59.53, in the following memorandum: The testimony in the case from which the jury could find that it was within the contemplation of Crouse and Gray that profits should be figured on the sale of the Canadian stock is so scarce, if it at all exists, that such a finding was against the weight of credible evidence. I am of the belief that the words " net earnings and profits " were used interchangeably by Crouse and by Gray, and they did not refer to the sale on which Gray's claim was based. In saying the above, I have in mind the testimony in reference to the sale of the machinery and the Liberty Bonds and the application of the dividends on the Canadian stock; but I also have in mind that this sale of a business in bulk was such an unusual occurrence that it could not have been the basis for a bonus. (The judgment is for plaintiff in an action to recover an amount due as salary. The order denies a motion for a new trial.) Present — Crosby, P. J., Cunningham, Dowling, Harris and McCurn, JJ.