ELLEN FLANAGAN, Respondent, *v.* ETHEL ROSOFF, Appellant.

First Department, December 20, 1940.

*Alexander E. Rosenthal* of counsel [*Irving Segal*, attorney], for the appellant.

*Samuel S. Goodman,* for the respondent.

COHN, J. The action, which was brought to recover damages for personal injuries, is based on the negligence of defendant in failing to keep lighted a rear outside stairway in a three-family dwelling.

Defendant is the owner of a brick building, containing two stories and a basement. One family resides in the basement, another family on the first floor and a third on the second floor. The building has two separate stairways, the main one in the front of the building and another at the rear.

The rear stairway consists of stairs leading from the yard to the first floor and thence to the upper floor. The lower portion of this stairway runs alongside of the building. It is then necessary to traverse a part of the porch of the first floor to a flight of stairs which leads to a porch on the second floor. This latter staircase, upon which the accident occurred, was out in the open and uninclosed.

In affirming the determination of the trial court, the Appellate Term has held that section 40 of the Multiple Dwelling Law required

the defendant to keep lighted the outside stairway upon which plaintiff fell.

In New York city the Multiple Dwelling Law has superseded the Tenement House Law. (Cf. Laws of 1929, chap. 713.) Section 40 of the Multiple Dwelling Law is entitled " Artificial hall lighting " and reads, in part, as follows: " In every multiple dwelling the owner shall provide a light or lights which shall be of not less than fifteen watts or equivalent photometric rating for the vestibule and entrance hall and in every public hall, stair, firestair and firetower, on every floor."

The purpose of the foregoing section is to enforce illumination of specific interior portions of a multiple dwelling. The statute does not require lights for exterior steps or places. It was so held in the case of *Indinali* v. *Lerner* (243 App. Div. 735) which construed a similar section of the Tenement House Law. In the case of *Hunter* v. *G. W. H. W. Realty Co., Inc.* (247 App. Div. 385) this court also held that there is no section of the Multiple Dwelling Law which requires handrails on an outside stoop or stairs. (See, also, *Schaaf* v. *Rochester Trust & Safe Deposit Co.*, 259 App. Div. 783.)

Under the common law there is no requirement upon the part of the owner of realty to maintain artificial lighting for any portion of the premises. (*Stacy* v. *Shapiro*, 212 App. Div. 723, 726; *Lindsley* v. *Stern*, 203 id. 615, 617; *Kunder* v. *Purchase Holding Co.*, 188 id. 94.) In the absence of statutory mandate, the defendant was under no obligation to maintain lighting over the outside stairway where the accident occurred.

The determination of the Appellate Term and the judgment of the Municipal Court in favor of plaintiff should be reversed and the complaint dismissed, with costs to defendant in all courts.

MARTIN, P. J., O'MALLEY and TOWNLEY, JJ., concur; DORE, J., dissents and votes to affirm.

DORE, J. (dissenting). After three trials in the Municipal Court the Appellate Term, in affirming the present judgment in plaintiff's favor, said: " We twice held that the Multiple Dwelling Law required the defendant to have the rear stairway lighted." On the usual state of facts disclosed with regard to the stairway in question, the determination of the Appellate Term was correct. The building is a multiple dwelling within the provisions of the Multiple Dwelling Law. The facts established at the trial show that the stair in question was neither a stoop nor a mere fire escape. The testimony shows it was used as one of the ordinary means of ingress and egress to the premises by tenants in the house, by grocers, laundrymen, milkmen and tradesmen making deliveries, as well as by visitors to the plaintiff's family, and by defendant and her family.

*Indinali* v. *Lerner* (243 App. Div. 753) was decided under the Tenement House Law and related to the lighting of a stoop. In *Hunter* v. *G. W. H. W. Realty Co., Inc.* (247 App. Div. 385), it was held that there was no section of the Multiple Dwelling Law requiring handrails on an outside stoop. On their facts these authorities are clearly distinguishable from the present case.

In *Weiner* v. *Leroco Realty Corp.* (279 N. Y. 127) an exposed outside stairway leading from the sidewalk to the basement, which was used by the people in general, including the superintendent and tradesmen, was held subject to the provisions of the Multiple Dwelling Law.

When a stair is used as this stair was in a multiple dwelling, the provisions of section 40 of the Multiple Dwelling Law, which provide for a light " in every public   *   *   *   stair," are applicable.

Accordingly I vote to affirm the determination of the Appellate Term and the judgment of the Municipal Court in plaintiff's favor.

Determination of the Appellate Term and judgment of the Municipal Court in favor of the plaintiff reversed and the complaint dismissed, with costs to the appellant in all courts.