LAURA SPAGAT, Respondent, v. REGENCY PARK, INC., Appellant.

First Department, April 10, 1942.

Harold V. Angevine of counsel [George A. Garvey, attorney], for the appellant.

Abraham L. Kramer of counsel [Sol Gerstein with him on the brief; Lawrence J. Greene, attorney], for the respondent.

GLENNON, J. Plaintiff was injured on March 10, 1940, about one A. M. while ascending the steps leading from the sidewalk to the open courtyard which is in front of defendant's apartment house located on One Hundred and Forty-first street, Kew Gardens, in the borough of Queens. At the time, she was accompanied by her daughter and son-in-law who resided in a wing of the apartment building.

An examination of the court's charge indicates that the case was submitted to the jury upon the theory that there was a duty on the part of the defendant under the Multiple Dwelling Law to furnish adequate lighting facilities at the scene of the accident. Apparently the structure was part of a new development. At the time of the accident there were no street lights.

It should be remembered that at common law there was no duty on the part of a landlord to furnish artificial lighting for any portion of an apartment house. (*Brugher* v. *Buchtenkirch*, 167 N. Y. 153.) Any obligation which does exist must be found in the Multiple Dwelling Law. The difficulty, however, with plaintiff's claim is that there is nothing in the statute which would require an owner to supply lights at the place where plaintiff fell. The steps which she was using were not connected with the house. The statute does not require any lights for exterior steps which lead from the sidewalk up to a courtyard such as we have here under consideration. (*Indinali* v. *Lerner*, 243 App. Div. 735; *Lindsley* v. *Stern*, 203 id. 615.)

Under the circumstances, therefore, the determination of the Appellate Term, and the judgment of the City Court, should be reversed and the complaint dismissed, with costs to the defendant in all courts.

MARTIN, P. J., TOWNLEY and UNTERMYER, JJ., concur; O'MALLEY, J., taking no part.

Determination of the Appellate Term and the judgment of the City Court unanimously reversed and the complaint dismissed, with costs to the defendant in all courts.