Van Voorhis, J.
Plaintiff sustained personal injuries while descending an outside stairway in an apartment house to empty her garbage after dark. At the time of the accident on January 20,1946, and for a long time previously, this stairway was used by tenants and the building superintendent himself for disposal of their own garbage. Use of an inside elevator had been forbidden for that purpose. There was no defect in the stairway, and the only question which the trial court submitted to the jury concerning negligence of the defendant was lack of illumina *423 tion of the stairs by artificial light. Since it was an outside stairway, the trial justice correctly refrained from submitting any question of duty by defendant to supply illumination under section 74 of the Tenement House Law (Indinali v. Lerner, 243 App. Div. 735; Flanagan v. Rosoff, 260 App. Div. 776). The jury were instructed to determine whether the duty to use reasonable care imposed by the common law required the landlord to furnish light. Plaintiff had been using this stairway at night during a period of four years and, although it had been wired for lighting and there was an empty socket for an electric bulb, plaintiff testified that the stairway had not been lighted during the period when she had been familiar with it.
The cases are clear that there is no common-law duty to provide artificial illumination to light stairways, halls, or other ways used in common in apartment houses, where there is no defective condition or unusual hazard to be exposed or made manifest by the light (Sheehan v. East 98th Street Corp., 242 N. Y. 262; McCabe v. Mackay, 253 N. Y. 440, 442; Stacy v. Shapiro, 212 App. Div. 723; Robinson v. Crimmins, 120 App. Div. 250, 251-252; Flanagan v. Rosoff, supra; Spagat v. Regency Park, Inc., 263 App. Div. 619, 620).
It is not perceived that a new or different element is brought into the situation by plaintiff’s testimony that the superintendent instructed her and the other tenants to use this outside stairway to reach the garbage receptacles. In the cases cited, the tenants were likewise invitees using portions of the buildings reserved for their common benefit.
The cases cited for plaintiff relate to situations where lack of light failed to reveal some defect or hidden condition of peculiar danger. That is not this case. Apparently in order to overcome this difficulty, plaintiff testified that her fall was caused by stepping on a tin can on the stairs, but the trial court later struck out that evidence as not within the complaint or bill of particulars. That left the lack of light as the only specification of negligence on which a question of fact was submitted to the jury, and that was insufficient to create a jury question.
The judgment appealed from should be reversed and the complaint dismissed, with costs to appellant.
Peck, P. J., and G-lennon, J., concur; Cohn and Shientag, JJ.. dissent and vote to affirm.
Judgment reversed and the complaint dismissed, with costs to the appellant.