Walter A. Lynch, J.
This case was tried before the court without a jury on an agreed statement of facts.
On the evening of February 6, 1955 plaintiffs’ intestate was leaving the newly purchased home of her daughter and son-in-law at 659 Linden Boulevard. She had descended the six steps on the outside of the building leading from the vestibule to a concrete platform approximately three feet square. She traversed the platform and came to two steps leading from the platform to the sidewalk, when she fell on the steps, receiving injuries from which she later died. It has been stipulated that the plans for this dwelling were filed in 1924, that the certificate of occupancy was issued on March 19, 1925 and that it is presently a three-family house.
It is the contention of the plaintiffs that defendants failed to comply with the provisions of the Multiple Dwelling Law (§ 52, subd. 1) in that there were no handrails at either end of the steps on the exterior stairs and that there were no lights lighting these exterior stairs. It has long been held that prior to the amendment effective April 18, 1949, the Multiple Dwelling Law required no handrails on exterior stairs on dwellings constructed prior to April 18,1929 (Hunter v. G. W. H. W. Realty Co., 247 App. Div. 385; Indinali v. Lerner, 243 App. Div. 735).
The amendment of subdivision 1 of section 52 of the Multiple Dwelling Law by chapter 665 of the Laws of 1949 was recommended by the Joint Legislative Committee on Housing and Multiple Dwellings. Its purpose is explained in the committee’s memorandum as follows: ' ‘ The courts have held that the stair requirements of section 52 do not apply to exterior stairs. This *197 section is being amended so that the requirements of the section will apply in the ease of structures erected after July first, nineteen hundred fifty-one to exterior as well as to interior stairs but, as to exterior stairs, is not retroactive or applicable to presently existing conditions.” (L. 1949, ch. 665, n., p. 1509.)
Thus the intent of the Legislature appears definite and certain, viz., that the amendment of 1949 should not be retroactive. Likewise it has long been held that the Multiple Dwelling Law does not require any lights for exterior steps which lead from the sidewalk (Flanagan v. Rosoff, 260 App. Div. 776; Spagat v. Regency Park, 263 App. Div. 619). Nor at common law was there any such obligation (Brugher v. Buchtenkirch, 167 N. Y. 153).
In plaintiffs’ brief, reliance is placed on sections 78 and 309 of the Multiple Dwelling Law. The court can see no applicability of these sections of the law to the facts stipulated herein. For the plaintiffs to recover, recourse would have to be made to the common law and they would have to establish that these steps were faulty in construction, deficient in maintenance, or they created and continued a hazard or danger for which defendants were responsible. No such condition was pleaded or stipulated.
The court finds that this accident occurred without any fault or negligence of the defendants.
The foregoing constitutes the decision required by the Civil Practice Act.
Judgment for defendants.