Floyd E. Anderson, J.
This is a motion for an order, pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice, dismissing the second cause of action contained in paragraphs “11” through “17” inclusive of the plaintiff’s amended complaint.
The plaintiff was the lessee of a first-floor apartment owned by the defendants at the time of the accident. In order for the plaintiff to get to her apartment, she was required to enter onto a second-story porch and to descend a stairway to the first-floor porch. These are conceded to be exterior porches *949 and stairways. The plaintiff alleges that she returned home on the evening of December 29, 1955, and as she was descending or starting to descend the stairway leading from the second-floor porch to the first-floor porch, “ she stepped upon an object on the landing of said stairway which caused plaintiff to fall sustaining the injuries” complained of. Paragraph “17” alleges “that the defendants were negligent and careless at the aforesaid time and place in that the defendants failed to provide a light or lights on said landing and stairway in accordance with the provisions of Section 32 of the Multiple Residence Law of the State of New York; * * * which violation was the proximate cause of said accident and the injuries sustained by the plaintiff as herein alleged.”
The question thus presented is whether section 32 of the Multiple Residence Law requires the owner to furnish adequate lighting for “ exterior ” halls and stairways.
Section 32 of the Multiple Residence Law reads as follows: ‘ ‘ The owner shall provide a light or lights in every public hall, stair and fire-stair on every floor so that every such space shall be lighted adequately. ’ ’ This section was added to the original Multiple Residence Law by an amendment in 1955, effective March 10, 1955. No cases construing this section have been brought to the attention of this court.
Subdivision 46 of section 4 of the Multiple Residence Law defines the word “stair” as “A flight or flights of steps including any landings and parts of public halls through which it is necessary to pass in going from one level to another.” Subdivision 39 of that section defines a “public hall” as “ A hall, corridor or passageway not within any apartment or suite of private rooms.”
A brief look at the history of the provisions of the Multiple Residence Law seems essential to their construction. In 1901, the Tenement House Law was passed with mandatory application to the cities of Buffalo and New York. In 1929, the Multiple Dwelling Law was passed, superseding the Tenement House Law in the city of New York. The Tenement House Law continued to apply to the City of Buffalo until 1950, when the Multiple Dwelling Law was amended so as to apply to the City of Buffalo as well as to the City of New York, thereby completely superseding the Tenement House Law. However, nothing was done to make either the Tenement House Law or the Multiple Dwelling Law applicable throughout the rest of the State, except to provide for its voluntary adoption by local law. Therefore, the Multiple Residence Law was passed in 1951, effective July 1, 1952, to extend “ minimum protection *950 to areas not presently subject to the application and full provisions of the Multiple Dwelling Law.” (Foreword to the Multiple Residence Law by Hon. MacNeil Mitchell.)
The old Tenement House Law and the Multiple Dwelling Law each contain sections requiring artificial illumination in public halls and stairs. These sections, together with the definitions of “ public hall ” and “ stair ”, are almost identical with the provisions of section 32 and section 4 of the Multiple Residence Law. The courts have uniformly held that these sections of the Multiple Dwelling Law and the Tenement House Law apply only to interior halls or stairs and do not apply to exterior halls and stairs. (Flanagan v. Rosoff, 260 App. Div. 776; Spagat v. Regency Park, 263 App. Div. 619; Bloomer v. Schwartz, 3 Misc 2d 195; Hirschler v. Briarcliff Management Corp., 275 App. Div. 422, affd. 300 N. Y. 680; Indnali v. Lerner, 243 App. Div. 735.)
It must be assumed that the Legislature was cognizant of the existing statutes and the construction placed upon them by the courts. (Buduson v. Curtis, 285 App. Div. 517, affd. 309 N. Y. 879.) Had the Legislature intended section 32 of the Multiple Residence Law to be applicable to exterior as well as interior halls and stairs, they would have made that intention clear by explicit language. This they failed to do.
In 1956 an amendment to section 37 of the Multiple Dwelling Law was introduced in the Senate (Int. No. 2296, Pr. No. 2494) providing for artificial illumination ‘ ‘ in front of every outside entrance ’ ’ and ‘ ‘ in every vestibule and entrance hall in every public hall, stair ” and fire-stair. This bill failed of passage. It thus appears that the Legislature was cognizant of the fact that the Multiple Dwelling Law as it now stands does not require artificial illumination for exterior halls and stairs. Since the language of section 32 of the Multiple Residence Law, which section was added by amendment in 1955, is essentially similar to that in subdivision 1 of section 37 of the Multiple Dwelling Law, it must be assumed that it was the legislative intent to make section 32 of the Multiple Residence Law applicable only to interior halls and stairs.
Motion granted.
Submit order.