EDNA SPARKS, Appellant, v. DOVILIO BALDONI et al., Respondents.

Third Department, December 2, 1958.

*Herbert H. Ray* for appellant.

*Chernin & Gold* (*A. E. Gold* of counsel), for respondents.

REYNOLDS, J. Appeal from an order of the Supreme Court, Broome County (ANDERSON, J.) which granted a motion to dismiss one of the two causes of action in the complaint which was based on statutory negligence for failure to comply with the Multiple Residence Law.

The cause of action is for personal injuries which arose out of a fall which the plaintiff-appellant sustained when she stepped on an object while descending an outside stairway from an outside second-story porch to an outside first-floor porch in a building owned by the respondents. The question presented is whether section 32 of the Multiple Residence Law which requires owners to adequately light stairs applies to exterior as well as interior stairways.

The Multiple Residence Law was enacted in 1951 to extend minimum protection to the areas in the State not subject to the

full provisions of the Multiple Dwelling Law. Both the latter and the old Tenement House Law contained provisions similar to section 32 of the Multiple Residence Law which is here in question. The courts have construed them as applying only to interior halls and stairs (*Indinali* v. *Lerner,* 243 App. Div. 735; *Flanagan* v. *Rosoff,* 260 App. Div. 776).

Section 32 of the Multiple Residence Law states: " The owner shall provide a light or lights in every public hall, stair and fire-stair on every floor so that every such space shall be lighted adequately." This is substantially the same as section 37 of the Multiple Dwelling Law. The latter, however, begins with the words " *In* every multiple dwelling ". The appellant contends the absence of this phrase in section 32 indicates the Legislature's intent to have the section apply to outside stairs. It seems, however, that this phrase merely indicated that the section applied to all multiple dwellings. The appellant also points out that the qualifying phrase " within a building " was left out of the definition of " Public hall " under the Multiple Residence Law (§ 4, subd. 39). This also does not seem sufficient to indicate a change in legislative intent as to the matter here involved. The definition of the word " Stair " is the same in both statutes.

It must be assumed that the Legislature was aware of the treatment by the courts of the similar provisions of the Multiple Dwelling Law. Inasmuch as it has dealt with the problem, in a manner which does not rebut the existing judicial interpretation, we must assume that it did not intend to change it (*Orinoco Realty Co.* v. *Bandler,* 233 N. Y. 24). When the Multiple Residence Law was originally passed in 1951 it contained no provision pertaining to the adequate lighting of public halls or stairs in old multiple dwellings. Section 32 was added by chapter 75 of the Laws of 1955 of New York. A significant note appears at the end of that chapter which states that when the Multiple Residence Law took the place of the Tenement House Law the provisions of the latter as to lighting were inadvertently omitted and that the amendment was to remedy the defect. Thus it is clear that the Legislature intended the lighting requirements to remain the same under section 32 of the Multiple Residence Law as they had been under the old Tenement House Law and the Multiple Dwelling Law and they therefore did not extend its coverage to exterior stairways such as the one here involved. Therefore, the order herein should be affirmed.

Foster, P. J., Bergan, Gibson and Herlihy, JJ., concur.

Order affirmed, with $10 costs.