Murray T. Feiden, J.
On October 11, 1956 plaintiff proceeded to premises 40 Clarkson Avenue, Brooklyn, New York, concededly a multiple dwelling built in 1938, for the purpose of registering to vote in the election to be held that year. The place for registration was a room in the basement. When the building was new this room had been employed for recreational purposes, a use that had been discontinued some years previously. There was testimony on the part of the plaintiff that on one occasion some weeks before the accident the room had been used for a party with permission of the superintendent. This was denied by the superintendent. Plaintiff went into the basement from the street, through a side entrance which was used by all the registrants except those living in the building. *586 She had to ascend a flight of five steps leading to the room in question. There was a platform at the top of the steps. The stairway was about five or six feet wide with walls on each side.
After registering, plaintiff proceeded from the room to the platform and when about to take the first step, she fell. She claimed there was inadequate light and that there was no handrail for her to grasp.
The action, based on negligence, was brought against the City of New York and the owners of the building.
It is clear that except for the one occasion when the room was allegedly used for a party, which was denied by the superintendent, the room was used only for election purposes. For the previous three years the room had been rented directly by the superintendent of the building to the Board of Elections, the superintendent receiving payment from the Board of Elections, which money, with the consent of the landlords, was retained by him. The lighting, the adequacy of which was challenged, was supplied by the landlords.
After trial the jury returned a verdict in favor of plaintiff against the City of New York and in favor of the landlords.
Plaintiff and the defendant City of New York now move to set aside the verdict.
Plaintiff urges the vacatur of the verdict in favor of the landlords on the ground that the Multiple Dwelling Law created a statutory duty on the part of the landlords to provide a handrail for the steps; that the failure of the landlords to supply such handrail was some evidence of negligence and that the failure so to instruct the jury was error.
Since the area involved was not being used for residential or living purposes, the provisions of the Multiple Dwelling Law would not be applicable. (Marks v. Nambil Realty Co., 245 N. Y. 256 [case on appeal indicates premises are multiple dwelling] ; Liddell v. Novak, 246 App. Div. 848; Cotroneo v. Walz, App. Term, 2d Dept., Jan. 26, 1935; Hollman v. Kayell Realty Co., 120 Misc. 546; Finkelstein v. Schlanowsky, 76 Misc. 500; Auerbach v. Rabiner, 165 N. Y. S. 428.)
The ease of Sticker v. Seril Realty Corp. (256 N. Y. 687) which might appear to be a contrary holding, was clearly distinguished in the Cotroneo case (supra).
Section 52 of the Multiple Dwelling Law, in effect at the time of the erection of the building, provided with respect to handrails as follows: “In every multiple dwelling * * * every stair * * * shall be provided with a handrail on each side. ’ ’ Subdivision 24 of section 4 of that law defined the word “ stair ” *587 at that time as: ‘ ‘ A ‘ stair ’ includes the stair landings, and those portions of a public hall through which it is necessary to pass in going between the entrance floor and the roof.” The word “ includes ” must be construed as eliminating any other area. Specific mention of one person or thing implies the exclusion of other persons or things. (Wallace v. Swinton, 64 N. Y. 188, 194; Aultman & Taylor Co. v. Syme, 163 N. Y. 54, 57; People ex rel. Peck v. Commissioners, 106 N. Y. 64, 68; Baker v. Schleyer, 233 App. Div. 584; Jackson v. Citizens Cas. Co., 252 App. Div. 393, affd. 277 N. Y. 385; 82 C. J. S., Statutes, §§ 333, 666.)
By specifying particular areas, it necessarily follows that the Legislature intended that all other places be excluded. The 1946 amendment of the last-stated statutory definition eliminated the restriction to the area between the “ entrance floor and the roof ” by enlarging the definition of the word “stair” to include ‘ ‘ parts of public halls through which it is necessary to pass in going from one level * * * to another ’ ’.
It is reasonably clear that a stairway, such as the one involved in the instant litigation, is without the ambit of the original statutory definition and it is, at least, doubtful whether it would be embraced within the amendment.
The common law imposed upon an owner of property only the duty to use reasonable care and prudence in keeping his premises in such condition that persons who are lawfully using it are not unnecessarily or unreasonably exposed to danger — a situation which did not here obtain — and there was no requirement that a landlord provide handrails for a stairway unless a dangerous condition existed. (Larkin v. O’Neill, 119 N. Y. 221, 226; Landes v. Barone, 283 App. Div. 207; Gauss v. State of New York, 286 App. Div. 934; Bloomer v. Schwartz, 3 Misc 2d 195; Union Bank & Trust Co. v. Carnegie, Inc., 1 A D 2d 199; Holder v. City of Yonkers, 281 App. Div. 975.) The evidence in the case at bar is devoid of any such showing.
Statutes in derogation of the common law must be accorded strict construction. (Fitzgerald v. Quann, 109 N. Y. 441; Tompkins v. Hunter, 149 N. Y. 117, 123; Jones v. City of Albany, 151 N. Y. 223, 228; Psota v. Long Is. R. R. Co., 246 N. Y. 388, 393; 82 C. J. S., Statutes, § 393, p. 938.)
In following this rule of strict statutory construction, section 52 of the Multiple Dwelling Law was held not to include exterior stairs. (Hunter v. G. W. H. Realty Co., 247 App. Div. 385; Indinali v. Lerner, 243 App. Div. 735; Bloomer v. Schwartz, 3 Misc 2d 195, supra.) As a consequence of these decisions the *588 Legislature was prompted in 1949 to amend section 52 of the Multiple Dwelling Law to make specific provision for handrails on exterior stairs. (Bloomer v. Schwartz, supra.) Had it been the legislative intent to have provided for handrails on all stairways in multiple dwellings, it would have been a simple matter for the Legislature expressly so to declare.
Further, the Multiple Dwelling Law has application only to stairways used in common and, here, plaintiff conceded that the stairway involved was not used in common by the tenants of the building. (Kuhnen v. White, 102 App. Div. 36; Auerbach v. Rabiner, 165 N. Y. S. 428, supra; O’Neill v. Hayes, 145 N. Y. S. 926.)
Nor may plaintiff derive comfort by reliance upon section 78 of the Mrdtiple Dwelling Law which mandates that “ every part ” of a multiple dwelling — sufficiently broad to include all stairways — shall be kept in good repair, inasmuch as plaintiff’s claim is not premised upon the landlords’ omission in that respect but, rather, upon their failure to provide handrails.
It would, therefore, appear that plaintiff’s assignment of error is untenable and her motion is, accordingly, denied.
The defendant City of New York moves to set aside the verdict against it and in favor of the plaintiff and to dismiss the complaint, upon the ground that the Board of Elections is an agency, not of the city, but of the State of New York; that the inspectors of election and members of the City Police Department, assigned to registration duty, were acting in behalf, and were the ad hoc representatives, of a State agency.
In the conduct of elections the City of New York performs a duty imposed on it by the State. This obligation requires the city not only to provide polling places, personnel for such polling places and the help of the Police Department of the City of New York, but to bear the cost thereof. All those engaged in performing this duty are agents of the State performing a governmental function. “No relation of principal and agent, or of master and servant, exists between them and the city.” (Matter of Reynolds, 202 N. Y. 430, 441. See, also, Schieffelin v. Komfort, 212 N. Y. 520, 528; Matter of Daly v. Board of Elections of City of N. Y., 254 App. Div. 914, affd. 279 N. Y. 743; O’Brien v. City of Saratoga Springs, 224 App. Div. 124; Alves v. City of New York, N. Y. L. J., Sept. 13, 1951, p. 465, col. 4.)
Accordingly, the motion of the defendant City of New York to dismiss the complaint is granted. The motion of the plaintiff to set aside the verdict in favor of the other defendants is denied.