GERTRUDE PUJOLAS, Appellant, v TOWN OF TONAWANDA, Respondent. (Appeal No. 1.)

GERTRUDE PUJOLAS, ·Appellant, v COUNTY OF ERIE et al., Respondents. (Appeal No. 2.)

GERTRUDE PUJOLAS, Appellant, v KENMORE-TOWN OF TONAWANDA UNION FREE SCHOOL DISTRICT, Respondent. (Appeal No. 3.)

Fourth Department, January 31, 1983

**APPEARANCES OF COUNSEL**

*O'Brien & O'Brien (James J. O'Brien* of counsel), for appellant.

*Smith, Murphy & Schoepperle* (*Lynn D. Gates* of counsel), for respondent in Appeal No. 1.

*Eugene F. Pigott, Jr.* (*Edward J. McGuinness* of counsel; *Barbara Davies Eberl* with him on the brief), for respondent in Appeal No. 2.

*Bouvier, O'Connor, Cegielski & Levine* (*Chris Trapp* and *Edward J. O'Connor* of counsel), for respondent in Appeal No. 3.

OPINION OF THE COURT

DOERR, J.

On November 7, 1978 plaintiff fell and injured herself while leaving the Roosevelt Elementary School in the Town of Tonawanda where she had gone to vote in the general election. The building was owned and maintained by defendant Kenmore-Town of Tonawanda Union Free School District and had been designated and approved as a polling place by defendants Town of Tonawanda and Erie County Board of Elections. The pleadings generally allege negligence of the several defendants in permitting and approving the premises to be used as a polling place in that it was physically unsafe, failing to inspect and maintain the premises, failing to warn users of the dangerous conditions which existed, failing to maintain and mark exterior steps and provide rails and comply with rules and regulations governing stairways and entranceways to public school buildings, and violating the Public Buildings Law and the Buildings Construction Code of the State of New York (plaintiff was 77 years of age).

Defendants asserted, *inter alia,* affirmative defenses that, acting as agents of the State in the conduct of a general election, they are immune from liability for failure to perform a governmental function.

Based upon this general proposition of law, all defendants moved to dismiss the complaint. Relying on *Heisler v State of New York* (78 AD2d 767); *O'Brien v City of Saratoga Springs* (224 App Div 124); and *Schauf v City of New York* (23 Misc 2d 585), Special Term granted the motions, holding that the State is the real party in interest.

We conclude there must be a reversal. The seminal case in this area of inquiry, relied on by the court below and by

other courts, is *O'Brien v City of Saratoga Springs (supra)*. There, the court in absolving a local municipality from liability for the manner in which - a polling place was maintained stated: "It thus appears that the conduct and control of elections is solely a governmental function. The State delegates its power to officials of municipalities to perfect an organization for the conduct of elections and to designate the polling places, but all this is done under the authority of, and by representatives of, the State in order that the residents of each election district may exercise the franchise. (*People ex rel. Lardner* v. *Carson,* 155 N. Y. 491.) The municipality in no sense has the control of any part of an election." (*O'Brien v City of Saratoga Springs, supra,* p 126.)

Under the peculiar fact situation in *O'Brien (supra),* the principle of law enunciated is, at best, questionable. Nonetheless, it was stated and has been followed (see *Heisler v State of New York, supra,* p 768; *Schauf v City of New York, supra,* p 588; 46 NY Jur, Premises Liability, § 238). Overlooked, perhaps, is that *O'Brien* was decided in 1928. In 1929, by legislation, the State waived its immunity from tort liability (see L 1929, ch 467; Court of Claims Act, § 8). Any question as to whether civil divisions of the State (e.g., defendants herein) when engaged in governmental functions would be immune from tort liability was laid to rest in *Bernardine v City of New York* (294 NY 361, 366). We thus decline to follow the rule laid down in *O'Brien v City of Saratoga Springs (supra).* Our decision in *Heisler v State of New York (supra)* provides no contrary precedent. In *Heisler,* the only party defendant was the State, and to the extent that *Heisler* might be read to mean that the State has the sole responsibility to persons who might be injured in the course of participating in an election, we disavow such an interpretation.

It strains credulity to insist that the conduct of elections is exclusively a State function. Premises to be used as polling places are submitted to the respective boards of elections by cities and towns. The local boards of elections designate and approve the locations of polling places with a view toward the suitability and safeness of the location (Election Law, § 4-104, subd 1). Where practicable, the

board is required to provide appropriate access ramps for physically handicapped or elderly voters (Election Law, § 4-104, subd 1-a). The board of elections appoints election inspectors (Election Law, § 3-400, subd 2; §§ 3-404, 3-406) who are required to preserve order and keep access to the polling place unobstructed (Election Law, § 3-402, subd 3). Inspectors are paid by the city or town wherein their election districts lie (Election Law, § 3-420, subd 1).

Additionally, as to the school district, familiar principles of law regarding a landowner's duty to those who enter upon his property apply (*Basso v Miller,* 40 NY2d 233). The issue presented here was recently decided by this court in *McNerney v Board of Educ.* (89 AD2d 824, mot for lv to app den 57 NY2d 603) where we affirmed a judgment in favor of plaintiff against the school district and City of Buffalo (concededly the same entity) where plaintiff fell on school steps after voting.

It will be for the trier of the facts to determine which of the several defendants named herein, if any, bear responsibility for plaintiff's injuries.

Accordingly the judgment and orders should be reversed and the motions denied.

DILLON, P. J., DENMAN, BOOMER and SCHNEPP, JJ., concur.

Appeal No. 1. — Order and judgment unanimously reversed and motion denied, with one bill of costs to appellant to be apportioned equally among the respondent herein and the respondents in Pujolas v County of Erie, Appeal No. 2, and Pujolas v Kenmore-Town of Tonawanda Union Free School District, Appeal No. 3, each decided herewith.

Appeal No. 2. — Order unanimously reversed and motion denied, with costs as provided in Pujolas v Town of Tonawanda, Appeal No. 1. Same opinion as in Pujolas v Town of Tonawanda, Appeal No. 1, decided herewith.

Appeal No. 3. — Order unanimously reversed and motion denied, with costs as provided in Pujolas v Town of Tonawanda, Appeal No. 1. Same opinion as in Pujolas v Town of Tonawanda, Appeal No. 1, decided herewith.